967 F.2d 586
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Juan C.G. GOMEZ, Plaintiff-Appellant,
v.
S. BIRONDO; G. Chambers; Officer Ramirez, Defendants-Appellees.
 No. 91-15731.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 10, 1992.*
Decided July 6, 1992.
 
 Before FLETCHER, LEAVY and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Juan C.G. Gomez, a California state prisoner, appeals pro se the district court's sua sponte dismissal of his 42 U.S.C. § 1983 action before service of process for failure to comply with a court order to file an amended complaint. The district court dismissed the original complaint in part for failure to comply with Fed.R.Civ.P. 8(a). We review for an abuse of discretion, McKeever v. Block, 932 F.2d 795, 797 (9th Cir.1991), and we affirm in part, reverse in part, and remand for service of process.
 
 
 3
 A district court may dismiss an action sua sponte before service of process for an unreasonable failure to prosecute. Id. A refusal to file an amended complaint is not an unreasonable failure to prosecute if the first complaint was dismissed erroneously. Id.
 
 
 4
 A complaint may be dismissed prior to service of process if it is frivolous. Id. A complaint is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989); accord Hernandez v. Denton, 60 U.S.L.W. 4346, 4348 (May 4, 1992). In civil rights cases where the plaintiff appears pro se, the court must construe pleadings liberally and afford the plaintiff the benefit of any doubt. Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 623 (9th Cir.1988). A plaintiff with an arguable claim is entitled to issuance and service of process of the complaint. Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir.1989) (citing Neitzke, 490 U.S. at 329-30).
 
 
 5
 Fed.R.Civ.P. 8(a) requires that a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8 requires sufficient notice to put the defendants fairly on notice of the claims against them. McKeever, 932 F.2d at 798. A district court may dismiss an action for a pro se party's failure to comply with Rule 8(a) if meaningful, less drastic sanctions have been explored. Nevijel v. North Coast Life Ins. Co., 651 F.2d 671, 674 (9th Cir.1981).
 
 
 6
 In his complaint, Gomez asserted that (1) correctional officers used excessive force, including strangleholds and repeated punching, to return him to his cell, (2) correctional officers made death threats while forcing him back into his cell, (3) correctional officers verbally harassed him in a demeaning manner, and (4) the prison improperly classified him as Mexican when he actually is Columbian.
 
 
 7
 On March 4, 1992, the district court dismissed the verbal harassment claim with prejudice, determined that the claims regarding the death threats and allegedly improper classification did not comply with Rule 8(a), and gave Gomez thirty days to file an amended complaint. The district court also gave Gomez leave to restate his claim regarding excessive force in "its present form." After Gomez failed to file an amended complaint within thirty days, the district court dismissed the action on April 8, 1991.
 
 
 8
 The district court properly dismissed Gomez's claim regarding verbal harassment. See Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir.1987) (mere verbal harassment or abuse is insufficient to state a constitutional deprivation under section 1983).
 
 
 9
 Similarly, Gomez's claim regarding the allegedly improper classification fails to comply with Rule 8 and is frivolous. Although the claim in the original complaint is vague and unintelligible, Gomez alleges more specifically in his late amended complaint, which was filed after the district court dismissed the action, that Mexicans are viewed unfavorably by other prisoners and that other prisoners will react to him unfavorably because of his perceived Mexican status. These assertions do not establish a constitutional deprivation.[1]
 
 
 10
 As the district court recognized in its March 4, 1991 order, however, Gomez's claim regarding the correctional officer's allegedly excessive force is not frivolous. Moreover, Gomez's allegations of excessive force combined with death threats arguably state a eighth amendment claim. See Johnson v. Glick, 481 F.2d 1028, 1029-30, 1033-34 (2d Cir.) (prisoner stated an eighth amendment claim by alleging that officer struck him and threatened to kill him), cert. denied, 414 U.S. 1033 (1973); cf. Oltarzewski, 830 F.2d at 139 (mere verbal harassment does not state a constitutional claim) (emphasis added). Because Gomez's claim in his original complaint was not frivolous, he is entitled to service of process. See McKeever, 895 F.2d at 798 (original complaint dismissed for failure to comply with Rule 8(a); after pro se litigant failed to file an amended complaint, the district court dismissed for failure to comply with a court order to file an amended complaint; on appeal, this court remanded for service of process because the claims in the original complaint were not frivolous).
 
 
 11
 AFFIRMED in part, REVERSED in part, and REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 In his amended complaint, which was filed late in the district court, Gomez also refers to his murder conviction and may be alleging that the perpetrator was described as Mexican and that he--a Columbian--was convicted as a result of mistaken identity. To the extent that Gomez may be seeking to collaterally attack his conviction, his sole federal remedy is to file a petition for writ of habeas corpus, which he may file after exhausting state remedies. See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973); Franklin v. Oregon, 662 F.2d 1337, 1347 & n. 13 (9th Cir.1981)
 In his attachments to his late amended complaint, Gomez includes documents showing that prison officials have corrected his nationality in prison records to Columbian.