977 F.2d 588
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Arthur Grady GARNER, Plaintiff-Appellant,
v.
Donald O'KEEFE, Sgt., et al., Defendant-Appellee.
 No. 91-16893.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 13, 1992.*
Decided Oct. 20, 1992.
 
 Before BEEZER, CYNTHIA HOLCOMB HALL and WIGGINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Arthur Grady Garner, a California state prisoner, appeals pro se the district court's dismissal of his 42 U.S.C. § 1983 action. In his first amended complaint, Garner alleged that Lt. Hefner, a San Mateo County Jail Officer, stole $128.50 from his trust account. Garner also alleged that Sgt. O'Keefe, also a San Mateo County Jail Officer, subjected him to verbal abuse and threats and forced him to sleep on a cell floor while wearing leg restraints for two nights in violation of the eighth amendment. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 
 3
 Garner contends that the district court erred in dismissing his claim that Sgt. O'Keefe stole money from his trust account for failure to state a claim. This contention lacks merit.
 
 
 4
 To state a section 1983 claim, a plaintiff must allege facts which show a deprivation of a right, privilege or immunity secured by the Constitution by a person acting under color of state law. Parratt v. Taylor, 451 U.S. 527, 535 (1981), overruled on other grounds, Daniels v. Williams, 474 U.S. 327 (1986). Intentional deprivations of property by a state official do not violate the due process clause of the constitution if a meaningful post-deprivation remedy for the loss is available. Hudson v. Palmer, 468 U.S. 517, 533 (1984). Here, California law provides an adequate post-deprivation remedy for Garner's alleged loss. See Cal.Gov't Code § 900 et seq. Thus, the district court properly dismissed this allegation for failure to state a claim.
 
 
 5
 Garner also contends that the district court erred in granting summary judgment in favor of the defendants on his eighth amendment claims. This contention lacks merit.
 
 
 6
 Summary judgment is appropriate when the moving party shows through the pleadings, depositions, affidavits, or other evidence that there is no genuine issue of material fact in dispute and that the moving party is entitled to a judgment as a matter of law. Fed.R.Civ.P. 56(c); Ruffin v. County of Los Angeles, 607 F.2d 1276, 1280 (9th Cir.1979), cert. denied, 665 U.S. 951 (1980). In opposing the motion for summary judgment, the non-moving party may not rest on conclusory allegations, but rather must set forth facts showing that there exists a genuine issue for trial. Hutchison v. United States, 838 F.2d 390, 392 (9th Cir.1988). In determining whether an inmate's eighth amendment rights have been violated, "a court must look to such factors as the need for the application of force that was used, the extent of injury inflicted, and whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm." Rutherford v. City of Berkeley, 780 F.2d 1444 (9th Cir.1985) (quoting Johnson v. Glick, 481 F.2d 1028, 1033 (2d Cir.), cert. denied, 414 U.S. 1033 (1973)). Verbal harassment or abuse is not sufficient to state a constitutional deprivation under section 1983. See Oltarzewski v. Ruggiero, 830 F.2d 136, 138 (9th Cir.1987).
 
 
 7
 Here, Garner alleged that he was forced to sleep in leg restraints as punishment. He also alleged that the leg restraints were improperly locked and as a result, caused him to experience extreme pain in his legs and feet. Defendants presented evidence indicating that Garner was placed in leg restraints because of his history of violence and threats of violence against other inmates and staff, not for punitive reasons. There is also evidence indicating that the leg irons were regularly checked by the staff and found to be properly adjusted. Moreover, there were no visible signs of injury to Garner's legs and feet. Garner failed to respond to the evidence presented by the defendants and thus failed to demonstrate that a triable issue of fact existed. Accordingly, the district court correctly granted summary judgment in favor of defendants on Garner's eighth amendment claims.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3