993 F.2d 883
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
John Dennis O'SULLIVAN, II, Plaintiff-Appellant,
v.
James STEPHENSEN, CEPS; Richard Carter, CSO & Librarian,
Defendants-Appellees.
 No. 91-16857.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 12, 1993.*
Decided May 24, 1993.
 
 Before: HUG, WIGGINS, and THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 John Dennis O'Sullivan, an Arizona state prisoner, appeals pro se the district court's summary judgment for defendants prison officials in his 42 U.S.C. § 1983 action alleging he was denied access to the prison law library. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 
 3
 "This court reviews a grant of summary judgment de novo to determine whether, viewing the evidence in the light most favorable to the nonmoving party, there are any genuine issues of material fact and whether the district court applied the correct substantive law." Americana Trading Inc. v. Russ Berrie & Co., 966 F.2d 1284, 1287 (9th Cir.1992).
 
 
 4
 O'Sullivan contends that prison officials violated his and other inmates' constitutional right of access to the courts by restricting O'Sullivan's use of the prison law library to work on his own legal matters and the legal matters of other inmates he was representing as a legal assistant. This contention lacks merit.
 
 
 5
 Prison officials must provide inmates with meaningful access to the courts. Bounds v. Smith, 430 U.S. 817, 822 (1977). Meaningful access requires prison officials to provide "adequate law libraries or adequate assistance from persons trained in the law." Id. at 828. Prison officials are not, however, required to provide unlimited access to prison law libraries, but rather may regulate the use of the library to ensure the security of the facility. Lindquist v. Idaho State Bd. of Corrections, 776 F.2d 851, 858 (9th Cir.1985). Thus, prison officials may regulate the "time, manner, and place in which library facilities are used", and may place reasonable restrictions on library access to preserve the secure and orderly operation of the prison facility. Id.; Oltarzewski v. Ruggiero, 830 F.2d 136, 138 (9th Cir.1987).
 
 
 6
 To maintain a claim of denial of access to the courts, a prisoner must allege either (1) inadequate law libraries or alternative sources of legal knowledge, or (2) a specific instance in which he or she was actually denied access to the courts. Sands v. Lewis, 886 F.2d 1166, 1171 (9th Cir.1989).
 
 
 7
 Here, O'Sullivan's action is based on one incident in which he was denied "additional law library time" because he refused to provide a prison official with proof of a pending court case. O'Sullivan argues that this request for proof violated his constitutional rights. Although O'Sullivan claims that he needed additional library time for his own cases pending in state and federal court, nowhere in his pleadings does he allege an actual injury resulting from the denial of additional library time. See id. Moreover, on the record before us, we cannot say that the apparent restriction on additional library use is unreasonable in light of the prison officials' interest in maintaining the secure and orderly operation of the prison facility. See Oltarzewski, 830 F.2d at 138.
 
 
 8
 Finally, the district court did not err by granting summary judgment for prison officials on O'Sullivan's claim of denial of access to the courts asserted on behalf other inmates he represented as a volunteer legal assistant. See Darring v. Kincheloe, 783 F.2d 874, 877-78 (9th Cir.1986) (prisoner lacked standing to assert other inmates' rights of access to courts where he failed to demonstrate a legally cognizable injury himself).
 
 AFFIRMED.[1]
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 O'Sullivan's request for attorney's fees on appeal is denied