54 F.3d 785
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Robert BRIGAERTS, Plaintiff-Appellant,
v.
Charles D. MARSHALL, Warden, California Department of
Corrections; Chief, Inmate Appeals, S. Borrego; Appeals
Coordinator, J. Gentry; Jourden, K. Ater, Dr. Martis, Dr.
Winslow, Alex M. Astorga, Ms. Jewel, Ms. Poole, Lieutenant
Long, Mr. Regan, Fernandez, Defendants-Appellees.
 No. 94-15533.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 16, 1995.*
Decided May 22, 1995.
 
 Before: WALLACE, Chief Judge, HUG, and NOONAN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Robert Brigaerts, a California state prisoner, appeals pro se (1) the district court's 28 U.S.C. Sec. 1915(d) dismissal of his claim that the prison's inmate appeals system was inadequate and (2) the district court's grant of the defendants' motion for summary judgment on the remainder of his 42 U.S.C. Sec. 1983 claims which alleged deliberate indifference toward medical needs, interference with access to the courts, and reading of legal correspondence. We have jurisdiction under 28 U.S.C. Sec. 1291 and affirm.
 
 Section 1915(d) Dismissal
 
 3
 We review a district court's dismissal of an action under 28 U.S.C. Sec. 1915(d) for an abuse of discretion. Denton v. Hernandez, 112 S. Ct. 1728, 1734 (1992). This court will affirm the dismissal only if the complaint "lacks any arguable basis in law or fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).
 
 
 4
 Brigaerts contends that the failure of prison hearing officers to provide written responses to inmate grievances and the prison appeal officer's subsequent refusal to consider appeals where no written response is provided violated his due process rights. This contention lacks merit.
 
 
 5
 Prison officials' adoption of a procedural system for handling inmate appeals is not sufficient to create an independent substantive right to an appeal. See Olim v. Wakinekona, 461 U.S. 238, 250-51 (1983); Hewitt v. Helms, 459 U.S. 460, 471 (1983). The California Administrative Code, Title 15, section 3084, does not contain sufficient "substantive limits on official discretion" to create a liberty interest in an inmate's appeal of grievances against prison officials. See Hewitt, 459 U.S. at 472; Olim, 249. Therefore, the district court did not abuse its discretion in dismissing Brigaerts' due process claim that he had a substantive right to pursue an appeal of his medical-treatment and job-assignment grievances.
 
 Summary Judgment
 
 6
 We review a grant of summary judgment de novo. Jesinger v. Nevada Fed. Credit Union, 24 F.3d 1127, 1130 (9th Cir. 1994). The correct inquiry is "whether there are any genuine issues of material fact, and whether the district court correctly applied the relevant substantive law." Id. (citation omitted). To establish a genuine issue of material fact, the non-moving party must make "a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). See also Barnett v. Centoni, 31 F.3d 813, 815 (9th Cir. 1994).
 
 
 7
 Brigaerts contends that prison officials demonstrated deliberate indifference to his medical needs, prevented him from exercising his right of access to the courts, and read his legal correspondence in violation of his constitutional rights. These contentions lack merit.
 
 Deliberate indifference
 
 8
 A "prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health and safety...." Farmer v. Brennan, 114 S. Ct. 1970, 1979-80 (1994). Through undisputed affidavits and documentary evidence,[1] defendants have shown that Brigaerts' medical record did not support his allegations that he had (1) a back injury which could have been exacerbated by his job assignment, (2) an allergy to wool which could have been exacerbated by a five-month delay in providing a cotton blanket, or (3) asthma or any other respiratory difficulty which could have been exacerbated by a two-month delay in housing him with a non-smoking cellmate. Because Brigaerts has failed to show that prison officials knew of an excessive risk to his health, if such a risk existed, the district court did not err in granting defendants' motion for summary judgment on his claims of deliberate indifference.
 
 Right of access to the courts
 
 9
 Prisoners have a general right of access to the courts which includes a right of access to legal materials and legal assistance. Bounds v. Smith, 430 U.S. 817, 821-23 (1976); Oltarzewski v. Ruggiero, 830 F.2d 136, 138 (9th Cir. 1987). Access to the prison library is, however, subject to regulations which serve legitimate penological interests, Oltarzewski, 830 F.2d at 138, and prison officials have "wide-ranging deference" to adopt such regulations. Bell v. Wolfish, 441 U.S. 520, 546-47 (1979). Moreover, the right of access only guarantees a right to file a complaint and mandatory responsive pleadings. Wolff v. McDonnell, 418 U.S. 539, 576 (1974); Cornett v. Donovan, No. 92-35255, slip. op. 3954, 3945-55 (9th Cir. Apr. 7, 1995).
 
 
 10
 Through undisputed affidavits and documentary evidence, defendants have shown that Brigaerts visited the prison library over one hundred times in a nine-month period. Given this record of visits to the library, and the number of filings in the present action, the district court did not err in granting defendants' motion for summary judgment on Brigaerts' claim that he had been denied access to the courts through restrictions on access to the prison's law library. See Celotex, 477 U.S. at 322; Barnett, 31 F.3d at 815.
 
 Legal correspondence
 
 11
 Prison officials have the right to open and scan mail from attorneys to inmates as long as they do not read it. Wolff, 418 U.S. at 575-577. Prison officials also can inspect mail sent from inmates to the court as long as these materials are not read. Rope v. Superior Court of Wash., 779 F.2d 573, 574-75 (9th Cir. 1986). If the inmate is present at the time of inspection, this is a sufficient safeguard against prison officials reading the inmate's legal correspondence. Wolff, 418 U.S. at 577. Here, the only specific instance of mail inspection indicated in the record took place in the presence of Brigaerts. Therefore, the district court did not err in granting defendants' motion for summary judgment on this claim. See Wolff, 418 U.S. at 577.
 
 
 12
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a); 9th Cir. R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 Brigaerts contends that summary judgment was improperly granted because discovery had not been completed. It is the burden of the non-moving party to establish what facts may be produced by additional discovery which would preclude the grant of summary judgment. Klingele v. Eikenberry, 849 F.2d 409, 412 (9th Cir. 1988); Taylor v. Sentry Life Ins. Co., 729 F.2d 652, 656 (9th Cir. 1984). Brigaerts has not met this burden