57 F.3d 1077
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Douglas Edward GREEN, Plaintiff-Appellant,
v.
CSO STRACK, a Prison Guard aka CSO Stratt, Defendant-Appellee.
 No. 94-17214.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 6, 1995.*
Decided June 8, 1995.
 
 Before: O'SCANNLAIN, LEAVY, and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Douglas E. Green, an Arizona state prisoner, appeals pro se the district court's grant of defendant's motion for summary judgment on his Eighth Amendment claims brought under 42 U.S.C. Sec. 1983. In his verified complaint, Green alleged that he was subjected to cruel and unusual punishment by having been deprived of sleep and having been the target of racial epithets. Specifically, Green stated that on several occasions, beginning approximately September 1, 1992, Joseph Strack, a prison guard, banged on the steel door of his prison cell during the early morning hours, shone his flashlight into Green's eyes, and used racial epithets in addressing Green. We have jurisdiction under 28 U.S.C. Sec. 1291 and affirm.
 
 
 3
 * Standard of Review
 
 
 4
 We review the grant of summary judgment de novo. Jesinger v. Nevada Fed. Credit Union, 24 F.3d 1127, 1130 (9th Cir.1994). The correct inquiry with respect to a grant of summary judgment is "whether there are any genuine issues of material fact, and whether the district court correctly applied the relevant substantive law." Id. To establish a genuine issue of material fact, the non-moving party must make "a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); see also Barnett v. Centoni, 31 F.3d 813, 815 (9th Cir.1994).
 
 II
 Merits
 
 5
 To establish liability for deliberate indifference based on the conditions of confinement under the Eighth Amendment, an inmate must show that the condition in question caused a sufficiently serious harm or risk of harm and that prison officials knew of the existing harm or the risk of harm. Farmer v. Brennan, 114 S.Ct. 1970, 1977 (1994); Allen v. Sahai, 48 F.3d 1082, 1087 (9th Cir.1994).
 
 
 6
 Each condition of confinement must be examined independently to determine if, in isolation, it violates the Eighth Amendment. Hoptowit v. Ray, 682 F.2d 1237, 1246-47 (9th Cir.1982). Therefore, we analyze each condition of confinement underlying Green's section 1983 claim in turn.
 
 A. Interrupting sleep
 
 7
 Excessive noise in a prison can state a valid Eighth Amendment claim. See Toussaint v. McCarthy, 801 F.2d 1080, 1110 (9th Cir.1986) (affirming scope of relief granted by district court for noise level in the prison), cert. denied, 481 U.S. 1069 (1987). In Toussaint, the district court found that there was "a constant level of noise" which "adversely affected [inmates'] hearing." Toussaint v. McCarthy, 597 F.Supp. 1388, 1410 (N.D.Cal.1984) ("constant level of noise ... adversely affect[ing inmates'] hearing"), aff'd in part, 801 F.2d 1080 (9th Cir.1986), cert. denied, 481 U.S. 1069 (1987).
 
 
 8
 In support of his motion for summary judgment, Strack filed a copy of the prison policy which requires guards to conduct routine security checks to insure that inmates are "live, breathing flesh." Strack also produced documentary evidence that he was on duty in Green's cellblock no more than two nights during the period relevant to Green's complaint. In his response to Strack's motion for summary judgment, Green made an explicit reference to this schedule, acknowledged that it demonstrated Strack was on duty two nights during the relevant period, and did not challenge the accuracy of the schedule. Because Green failed to produce evidence of a noise level approaching that present in Toussaint, we conclude that Green has not established, as a genuine issue of material fact, that the noise created by Strack violated the Eighth Amendment. See Celotex Corp., 477 U.S. at 322; Barnett, 31 F.2d at 815.
 
 B. Use of flashlight
 
 9
 "The Eighth Amendment ... requires neither that prisons be comfortable nor that they provide every amenity that one might find desirable." Hoptowit, 682 F.2d at 1246 (citation omitted). Therefore, the district court properly granted defendant's motion for summary judgment on Green's claim that Strack's shining a flashlight into his eyes on several occasions when inspecting his cell violated the Eight Amendment.
 
 C. Racial slurs
 
 10
 Verbal harassment alone is insufficient to state a claim under the Eighth Amendment. Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir.1987). In fact, even threats of bodily injury are insufficient to state a claim under the Eighth Amendment. Gaut v. Sunn, 810 F.2d 923, 925 (9th Cir.1987). In light of these authorities, even though racial slurs are repugnant, they are insufficient to state a claim of cruel and unusual punishment. Therefore, because Green's allegation that Strack used racial epithets did not establish a genuine issue of material fact as to Green's Eighth Amendment claim, see Oltarzewski, 830 F.2d at 139, the district court properly granted defendant's motion for summary judgment on this issue.
 
 
 11
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3