73 F.3d 361
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Gary Louis GREEN, Plaintiff-Appellant,
v.
Ruo HILL, Blaine Lafler, Defendants-Appellees.
 No. 94-1851.
 United States Court of Appeals, Sixth Circuit.
 Dec. 27, 1995.
 
 1
 Before: KENNEDY and MOORE, Circuit Judges; and POTTER, District Judge.*
 
 
 2
 JOHN W. POTTER, Senior District Judge.
 
 
 3
 Plaintiff-Appellant Gary Louis Green (Green) appeals pro se from a district court judgment that dismissed his 42 U.S.C. Sec. 1983 action pursuant to 28 U.S.C. Sec. 1915(d). For the reasons hereinafter set forth, the judgment of the district court is affirmed in part but reversed as to Green's retaliation claim against Correction Officer R. Hill (Hill).
 
 
 4
 In his complaint, Green sued Hill and Assistant Deputy Warden Lafler (Lafler) for violating his civil rights. The alleged conduct took place at the Michigan Chippewa Regional Facility. Green alleges that Hill subjected him to harassment, degradation, humiliation and threats. Green requested grievance forms from another officer and planned to file a grievance against Hill for the alleged offensive conduct. Hill, it is alleged, thereafter conducted a shakedown of Green's cell, confiscated some of Green's property, planted a spent .32 caliber shell casing in the cell and fabricated a major misconduct charge against Green. Lafler, in response to the charge, placed Green on Non-bond Top Lock--apparently confinement to his cell.
 
 
 5
 Green alleges, inter alia, the following in his complaint.
 
 
 6
 The acts of C/O Hill constituted an intentional violation of protected rights under the 5th, 8th, and 14th Amendments and Code 42 Sec. 1997(d) [sic] by a person acting in his individual capacity under color of state law in a malicious, capricious and arbitrary manner. The actions of Assistant Deputy Warden Lafler constituted an intentional violation of rights protected under the 5th, 8th, 9th, and 14th amendments by a person acting in his individual capacity under color of state law in a capricious and arbitrary manner.
 
 
 7
 The case in the court below was referred to a magistrate judge who recommended that plaintiff's complaint be dismissed pursuant to 28 U.S.C. Sec. 1915(d) as frivolous. The district judge considered plaintiff-appellant's objections, then approved and adopted the report.
 
 
 8
 On appeal, Green states that the district court was in error when it held:
 
 
 9
 (1)
 
 
 10
 a. That Hill's actions were random and unauthorized.
 
 
 11
 b. That an adequate state remedy is available.
 
 
 12
 c. That Appellant was found guilty of Major Misconduct.
 
 
 13
 d. That the complaint stems from a property deprivation when it actually stems from retaliation for exercise of protected civil rights.
 
 
 14
 The magistrate judge found that Green had not stated a viable Fourteenth Amendment claim. On this issue we agree. If the plaintiff is alleging a violation of procedural due process for the alleged confiscation and destruction of his property, such acts would be clearly "random and unauthorized." See Hudson v. Palmer, 468 U.S. 517, 533-36 (1984). Further, Green had adequate state post-deprivation remedies. See Parratt v. Taylor, 451 U.S. 527 (1981); Wilson v. Beebe, 770 F.2d 578, 584 (6th Cir.1985) (en banc). Appellant's issues a and b are not well taken. Also, the Fifth Amendment is not implicated.
 
 
 15
 The district court properly found that appellant's claim of harassment based on abusive language did not state an Eighth Amendment violation or any other violation under Sec. 1983. See Ivey v. Wilson, 832 F.2d 950 (6th Cir.1987) (holding that verbal abuse, harassment, and arbitrariness in dealing with inmates and their property are not Eighth Amendment violations); Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir.1987) (holding that verbal harassment or abuse is not sufficient to state a constitutional deprivation under Sec. 1983). A plaintiff must allege punishments that "involve the unnecessary and wanton infliction of pain" or punishments "disproportionate to the crime committed." Ivey, 832 F.2d at 954.
 
 
 16
 We further agree with the district court that the Ninth Amendment confers no substantive rights in addition to those conferred by other portions of the Constitution. See Gibson v. Matthews, 926 F.2d 532 (6th Cir.1991). This Court finds no abuse of discretion by the district court in its dismissal of the above claims. See Denton v. Hernandez, 504 U.S. 25, 33 (1992).
 
 
 17
 In his brief before this Court, appellant argues new claims, to-wit: that he was subject to an illegal search and seizure and Hill's actions were approved by his superiors. These claims are not properly before this Court as they were not first presented to the district court. See Foster v. Barilow, 6 F.3d 405, 407 (6th Cir.1993); Taft Broadcasting Co. v. United States, 929 F.2d 240, 243-45 (6th Cir.1991). Furthermore, the Fourth Amendment has no applicability to a prison cell, even where the cell is searched solely for harassment purposes. Hudson, 468 U.S. at 529-530. Green also argues that he is entitled to discovery and an evidentiary hearing with respect to his retaliation claim. As this case will be remanded for further proceedings on the retaliation claim, any further order from this Court on discovery and an evidentiary hearing is premature.
 
 
 18
 Issue c of the appeal need not be discussed. As to issue d, retaliation, the court must give Green's pro se pleadings a liberal construction. Neitzke v. Williams, 490 U.S. 319, 323 (1989); see also Fed.R.Civ.P. 8(f). Giving the complaint such a liberal construction, this Court finds that it states an arguable basis in law and in fact in regard to retaliation. The complaint as quoted above refers to the Fifth, Eighth and Fourteenth Amendments and 42 U.S.C. Sec. 1997d. Specific language regarding retaliation is missing; however, the listing of events gives rise to an inference of retaliation for the exercise of his First Amendment right to file a grievance. See Black v. Lane, 22 F.3d 1395, 1399 (7th Cir.1994). Green's pro se appellant's brief at paragraph (1)d quoted above refers to retaliation for his exercise of protected civil rights. He also infers, by citing 42 U.S.C. Sec. 1997d, that he has a cause of action for retaliation.
 
 
 19
 The magistrate-judge noted that Green, in his complaint, alleged that the shakedown was conducted in retaliation for Green's request for grievance forms. The magistrate-judge thereafter made no comment on retaliation for the shakedown or for the filing of the major misconduct report. The district court likewise, in adopting the report and recommendation, did not comment on the issue of retaliation.[1]
 
 
 20
 As stated above, a complaint may be dismissed as frivolous under 28 U.S.C. Sec. 1915(d) if it "lacks an arguable basis either in law or in fact." Neitzke, 490 U.S. at 325. This standard was properly applied in dismissing the harassment and lost property claims; however, the district court abused its discretion by dismissing Green's retaliation claim against Hill.
 
 
 21
 Issuing a false misconduct charge may constitute a substantive due process violation if it constitutes an "egregious abuse of governmental power." See Cale v. Johnson, 861 F.2d 943, 950 (6th Cir.1988). In Cale, plaintiff claimed that a prison official intentionally and maliciously framed him and filed disciplinary charges against him in retaliation for his exercise of his First Amendment right to register a complaint about the food. This court found such conduct constitutes an egregious abuse of governmental authority. Id. Similarly, in the case sub judice, appellant alleges that Hill maliciously framed him and filed a false major misconduct charge against him in retaliation for his request for grievance forms. Under these circumstances, appellant's retaliation claim survives dismissal under Sec. 1915(d) because it has an arguable basis in law and in fact.
 
 
 22
 Appellant also alleges that Lafler violated his constitutional rights by placing him in Non-bond Top Lock prior to a disciplinary hearing. Green's complaint indicates he had notice of the reasons for the action taken, an opportunity to present his views and a nonadversarial review by a decision maker. See Hewitt v. Helms, 459 U.S. 460, 476 (1983); Black v. Parke, 4 F.3d 442, 447-48 (6th Cir.1993). Furthermore, in light of the recent teachings in Sandin v. Conner, 115 S.Ct. 2293 (1995), being placed in top lock did not implicate a liberty interest. There is no indication that Green was subjected to an atypical or to a significant hardship. Therefore, lack of a predeprivation hearing did not implicate a liberty interest. Green's claim against Lafler was properly dismissed under 28 U.S.C. Sec. 1915(d) criteria.
 
 
 23
 The following observations are solely those of this member of the panel. On three occasions, in his complaint, in his objections to the magistrate judge's report and recommendation, and in his brief in this Court, appellant has referred to 42 U.S.C. Sec. 1997d. This section is found in Chapter 21, Subchapter I-A, entitled "Institutionalized Persons" and is as follows: "No person reporting conditions which may constitute a violation under this subchapter shall be subjected to retaliation in any manner for so reporting." The lower court did not comment on 42 U.S.C. Sec. 1997d or rule on retaliation. Since this panel has not had the benefit of adversarial briefs, it has likewise not commented on the applicability of Sec. 1997d to appellant's allegations.
 
 
 24
 After a review of the legislative history of Subchapter I-A, it appears to this member of the panel that 42 U.S.C. Sec. 1997d applies only to systemic abuse in violation of constitutional rights or federal law. See S.Rep. No. 416, 96th Cong., 2d Sess. 1 (1980), reprinted in 1980 U.S.C.C.A.N. 787; H.R.Rep. No. 897, 96th Cong., 2d Sess. 8, reprinted in 1980 U.S.C.C.A.N. 832. This is an issue which should be addressed on remand.
 
 
 25
 The district court's judgment is AFFIRMED as to the dismissal of Green's claims against Lafler, AFFIRMED as to the dismissal of all claims against Hill except as to Green's retaliation claim, and the case is REMANDED for further proceedings on that claim.
 
 
 26
 MOORE, Circuit Judge, concurring.
 
 
 27
 I concur in Judge Potter's opinion for the court. I write separately to note that since we had neither adversarial briefs nor argument on the issue of the applicability of 42 U.S.C. Sec. 1997d, it is premature to offer any views on that issue.
 
 
 28
 KENNEDY, Circuit Judge, dissenting.
 
 
 29
 Because appellant's brief on appeal is the first time he makes a First Amendment claim, I would affirm the District Court.
 
 
 30
 I agree, however, that if Officer Hill, in response to plaintiff's request for forms to file a grievance against Hill, searched Green's cell and planted supposed contraband that Green has stated a First Amendment claim of retaliation under Cale v. Johnson, 861 F.2d 943, 950 (6th Cir.1988). Johnson v. Avery, 393 U.S. 483 (1969) (prisoners have the constitutional right to petition the government to redress grievances). Therefore, if Green can show that Hill acted in retaliation for inmate Green's request to have access to the prison's grievance procedure by wrongfully initiating disciplinary procedures against him, then plaintiff Green has a cause of action under 42 U.S.C. Sec. 1983.
 
 
 
 *
 The Honorable John W. Potter, Sr. United States District Judge for the Northern District of Ohio, Western Division
 
 
 [1]
 There is a question of whether or not Green has saved his claim of retaliation. See Thomas v. Arn, 474 U.S. 140 (1985). While Green was much more articulate in his brief in this Court than he was in the district court, he did state in his objections to the magistrate judge's report and recommendation that Hill's actions "were maliciously undertaken with objectives which are made unlawful by 42 U.S.C. Sec. 1997d."