112 F.3d 515
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Timothy CAFFREY, Plaintiff-Appellant,
v.
Rick ESPINO; G.S. Krona, Defendants-Appellees.
 No. 96-35929.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 21, 1997.*
Decided April 24, 1997.
 
 Before BROWNING, THOMPSON, and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Timothy Caffrey, a Washington state prisoner, appeals pro se the district court's grant of summary judgment in favor of the defendants in his 42 U.S.C. § 1983 action alleging that two prison officers: (1) fabricated observation and infraction reports in retaliation for his use of the prison grievance process, and (2) subjected him to verbal and psychological harassment in violation of the Eighth Amendment.[1] We have jurisdiction pursuant to 28 U.S.C. § 1291, and affirm.
 
 
 3
 We review the district court's grant of summary judgment de novo. See Bagdadi v. Nazar, 84 F.3d 1194, 1197 (9th Cir.1996). We must determine whether, viewing the evidence in the light most favorable to the nonmoving party, genuine issues of material fact exist and whether the district court correctly applied the relevant substantive law. Id.
 
 A. Retaliation
 
 4
 Caffrey contends that the district court erred by granting summary judgment to the defendants on his claim that prison officers retaliated against him for his frequent use of the prison grievance process by fabricating observation and infraction reports. We disagree.
 
 
 5
 A prisoner suing prison officials under 42 U.S.C. § 1983 for retaliation must establish that he was retaliated against for exercising his constitutional rights and that the retaliatory action did not advance legitimate penological goals, such as preserving institutional order, discipline and security. See Barnett v. Centoni, 31 F.3d 813, 815-16 (9th Cir.1994) (per curiam); Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir.1985).
 
 
 6
 Caffrey correctly asserts that he has a right to file inmate grievances and that he may not be penalized for exercising that right. See Bradley v. Hall, 64 F.3d 1276, 1279 (9th Cir.1995). However, Caffrey has failed to establish the "absence of legitimate correctional goals for the conduct of which he complains." See Pratt v. Rowland, 65 F.3d 802, 806 (9th Cir.1995). The defendants submitted declarations that Caffrey is an aggressive and manipulative prisoner who often indicates verbally that he intends to violate prison rules shortly before actually doing so. In the interest of managing Caffrey's violent and unpredictable behavior, and of protecting prison staff, the defendants made careful observations of Caffrey's behavior, reported his comments and actions by way of observation reports, and wrote disciplinary infraction reports for violations of prison rules. The declarations indicate that Caffrey was subjected to the observation and infraction reports to further the legitimate penological goal of preserving institutional order, security and discipline. See Barnett, 31 F.3d at 815-16. Accordingly, the district court properly granted summary judgment on Caffrey's retaliation claim. See Rizzo, 778 F.2d at 532.
 
 B. Eighth Amendment
 
 7
 Caffrey contends the district court erred by granting summary judgment to the defendants on his claim that prison officers subjected him to cruel and unusual punishment. We disagree. To establish an Eighth Amendment violation, the inmate must prove a denial of "the minimal civilized measure of life's necessities," occurring through "deliberate indifference" by prison officials. See Keenan v. Hall, 83 F.3d 1083, 1089 (9th Cir.1996). We agree with the district court that Caffrey's complaints regarding verbal and psychological harassment are not sufficiently serious to state a constitutional claim. See Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir.1987) (stating that "[v]erbal harassment or abuse ... is not sufficient to state a constitutional deprivation under 42 U.S.C. § 1983") (internal quotation marks omitted).[2]
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, appellant's request for oral argument is denied. We also deny appellant's requests for appointment of counsel and consolidation of this appeal with appeal no. 96-35051. We do not address appellant's suggestion that the appeal be heard initially en banc because the suggestion was not timely made. See Fed.R.App.P. 35(c)
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Caffrey also alleged that prison officials violated the "state and federal law of conversion." However, he does not appeal the district court's grant of summary judgment to the defendants on this claim. See Wilcox v. Commissioner, 848 F.2d 1007, 1008 n. 2 (9th Cir.1988) (stating that arguments not addressed in a brief are deemed abandoned)
 
 
 [2]
 Caffrey also alleges that the district court improperly denied his motion to compel production of certain documents. We disagree. The district court did not abuse its discretion in denying Caffrey's motion because the defendants stated that they were not in possession or control of the requested documents. See Foster v. Arcata Assocs., Inc., 772 F.2d 1453, 1467 (9th Cir.1985) (stating that we review the denial of discovery for an abuse of discretion)