114 F.3d 1194
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Kenny JACKSON, Plaintiff-Appellant,
v.
V. WILLIAMSON; Hubbard; K.A. Parish-Reese; Caton;
Williams; Larson; P. Lemley; Greenfield;
Quarles; Cox; Dixon; Bradanick;
Hughey; Ingle; James Gomez;
Bard, Defendants-Appellees.
 No. 95-15878.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 15, 1997.*
Decided May 20, 1997.
 
 1
 Before: WIGGINS and TROTT, Circuit Judges, and ZAPATA,** District Judge.
 
 
 2
 MEMORANDUM***
 
 
 3
 California state prisoner Kenny Jackson appeals pro se the district court's grant of summary judgment in favor of prison officials in his 42 U.S.C. § 1983 action alleging retaliation, racial discrimination, sexual harassment and due process violations under the First and Fourteenth Amendments.
 
 
 4
 We review de novo the district court's grant of summary judgment. Bagdadi v. Nazar, 84 F.3d 1194, 1197 (9th Cir.1996). Viewing the evidence in the light most favorable to the nonmoving party, we must determine whether genuine issues of material fact exist and whether the district court correctly applied the relevant substantive law. Id.
 
 
 5
 Jackson contends that the district court erred in relying on the documents submitted in support of defendants' motion for summary judgment, which he alleged were falsified in retaliation for his use of the state prison administrative appeals process and for assisting another inmate in federal civil rights litigation. Though difficult to discern precisely what issues Jackson is raising on appeal, we must construe his appeal liberally. See Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir.1990).
 
 
 6
 First, we hold that the district court did not err in granting summary judgment in favor of prison officials on the claim of retaliation. Jackson failed to allege that he was retaliated against for exercising his constitutional rights and that the alleged retaliatory action does not advance a legitimate penological interest. Barnett v. Centoni, 31 F.3d 813, 816 (1994). To succeed on his claim, Jackson must show "that the prison authorities' retaliatory action did not advance legitimate goals of the correctional institution or was not tailored narrowly enough to achieve such goals." Pratt v. Rowland, 65 F.3d 802, 806 (9th Cir.1995).
 
 
 7
 In review of the proffered legitimate penological reasons for the conduct alleged by Jackson to be retaliatory, we must "afford appropriate deference and flexibility" to prison officials. Id. at 807 (quoting Sandin v. Conner, 515 U.S., 472, ----, 115 S.Ct. 2293, 2299 (1995)). Jackson presented no evidence to establish that the defendants lacked a legitimate penological interest in reprimanding him or placing him in administrative segregation.
 
 
 8
 Second, we find no error in the district court's grant of summary judgment in favor of prison officials on Jackson's claim that the California Department of Correction's housing policy at the time of his confinement at the California Medical Facility systematically excluded black inmates from being housed with inmates of another race.
 
 
 9
 Except where necessary for prison security and discipline, it is unconstitutional to segregate prisoners on the basis of race. Cruz v. Beto, 405 U.S. 319, 321, 92 S.Ct. 1079, 1081 (1972). To prevail on his § 1983 claim alleging a violation of equal protection, Jackson must show proof of racially discriminatory intent or purpose. See Hernandez v. New York, 500 U.S. 352, 359-60, 111 S.Ct. 1859, 1866 (1991); Federal Deposit Ins. Corp. v. Henderson, 940 F.2d 465, 471 (9th Cir.1991).
 
 
 10
 In his opposition to defendants' motion for summary judgment and objections to the magistrate judge's report and recommendation to grant defendants' motion for summary judgment, Jackson stated that he had not received the copies of the prison housing policy and bed move orders as repeatedly requested and ordered by the magistrate judge to be disclosed.
 
 
 11
 Summary judgment is disfavored where relevant evidence remains to be discovered. Klingele v. Eikenberry, 849 F.2d 409, 412 (9th Cir.1988). Summary judgment is appropriate however, if further discovery will not elicit evidence that would raise genuine issues of material fact. Id. We find that Jackson has not "satisfied his burden of justifying discovery by setting forth the particular facts that he expected to uncover through discovery." Id. Accordingly, the district court's grant of summary judgment is affirmed.
 
 
 12
 Third, we find Jackson's allegations of "sexual harassment, sexual disrespect, and sex play" insufficient to establish a constitutional violation. Verbal harassment or abuse is not cognizable as a constitutional deprivation under § 1983. Keenan v. Hall, 83 F.3d 1083, 1092 (1996); Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir.1987). Thus, the district court's grant of summary judgment in favor of prison officials on the issue of sexual harassment is affirmed.
 
 
 13
 Fourth, we hold that the district court did not err in granting summary judgment in favor of defendants on Jackson's claim that prison officials violated his due process rights by failing to provide him with notice of the reason for his placement in administrative segregation and by not allowing him to call witnesses at his disciplinary hearing.
 
 
 14
 "[P]risoners have liberty interests protected by the Due Process Clause only where the contemplated restraint 'imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.' " Keenan v. Hall, 83 F.3d at 1088 (quoting Sandin, 515 U.S. at ----, 115 S.Ct. at 2300).
 
 
 15
 The Ninth Circuit has explicitly found that administrative segregation falls within the terms of confinement ordinarily contemplated by a sentence. May v. Baldwin, No. 95-35860, slip op. 2959, 2977 (9th Cir. Mar. 19, 1997) (citing Toussaint v. McCarthy, 801 F.2d 1080, 1091-92 (9th Cir.1986). Jackson's claim that he was denied procedural due process when placed in administrative segregation without notice fails because he has "no liberty interest in freedom from state action taken within the sentence imposed." Id., quoting Sandin, 515 U.S. at ----, 115 S.Ct. at 2298 (quotation omitted). The record reflects that Jackson received all process he was due in regard to the disciplinary action taken. Wolff v. McDonnell, 418 U.S. 539, 94 S.Ct. 2963 (1974).
 
 
 16
 To the extent that Jackson's retaliation claim overlaps with his due process claim, in that he was denied due process when prison officials retaliated against him for filing inmate appeals, Jackson failed to make a showing of retaliation or a liberty interest in the appeals process under the standard set forth in Sandin. Thus, this portion of his due process claim also lacks merit. Accordingly, we affirm the district court's grant of summary judgment.
 
 
 17
 Jackson raised numerous indistinct contentions which lack merit, including allegations that the magistrate judge and district court were biased against him. Jackson's contention that the district court and magistrate judge were biased, based solely on adverse rulings, is insufficient as a matter of law. See Liteky v. United States, 510 U.S. 540, 555, 114 S.Ct. 1147, 1157 (1994).
 
 
 18
 Additionally, the district court did not abuse its discretion in denying Jackson's motion for entry of default against defendant Bard. Denial of default judgment is within the district court's discretion and we may affirm on any ground finding support in the record. Eitel v. McCool, 782 F.2d 1470, 1471 (9th Cir.1986).
 
 
 19
 We conclude that Jackson's remaining contentions lack merit.
 
 
 20
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 The Honorable Frank R. Zapata, United States District Judge for the District of Arizona, sitting by designation
 
 
 **
 * This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3