122 F.3d 1073
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
E. Robert NIGRO, Jr., Petitioner-Appellant,
v.
Frank O. WILSON; Yates; Ciolli, Captain; Mark A. Henry,
Warden; R.L. Matthews; Patrick Kane; J. Michael Quinlan,
Unknown Federal Officials; Federal Bureau of Prisons;
Teresa Hunt; Michael, Assistant Regional Director; David
Molinar, Respondents-Appellees.
 No. 95-56347.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 25, 1997.**
Decided Aug. 28, 1997.
 
 Appeal from the United States District Court for the Central District of California William Matthew Byrne, Jr., District Judge, Presiding
 Before SCHROEDER, FERNANDEZ, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 E. Robert Nigro, a federal prisoner, appeals pro se the district court's summary judgment in favor of prison officials in his action pursuant to Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971). We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo the district court's grant of summary judgment, see Barnett v. Centoni, 31 F.3d 813, 815 (9th Cir.1994) (per curiam), and we affirm in part, reverse in part, and remand.[1]
 
 
 3
 Nigro contends that the district court erred in construing his Eighth Amendment claims as claims made under the Fifth Amendment. Nigro alleged that he was placed in solitary confinement for 47 days without due process, that he was transferred to a more dangerous prison because of false charges brought by prison officials, and that these and other actions were taken for the sole purpose of harassing him.
 
 
 4
 A prison official violates the Eighth Amendment when two conditions are met: the deprivation alleged must be sufficiently serious, and the prison official must have a sufficiently culpable state of mind. See Farmer v. Brennan, 511 U.S. 825, 834 (1994). Generally, "[a] number of conditions, each of which satisfy Eighth Amendment requirements, cannot in combination amount to an Eighth Amendment violation." See Hoptowit v. Ray, 682 F.2d 1237, 1246-47 (9th Cir.1982). However, some conditions of confinement may establish an Eighth Amendment violation in combination, even if they each would not do so alone, if "they have a mutually enforcing effect that produces the deprivation of a single, identifiable human need such as food, warmth, or exercise-for example, a low cell temperature at night combined with a failure to issue blankets." See Wilson v. Seiter, 501 U.S. 294, 304 (1991) Nigro's placement in administrative segregation does not in itself state a claim under the Eighth Amendment. See Hewitt v. Helms, 459 U.S. 460, 468 (1983). Similarly, Nigro's allegation that he was improperly transferred to a more dangerous facility does not show the significant deprivation necessary for an Eighth Amendment claim. See Farmer, 511 U.S. at 834. Nigro's allegations of verbal harassment also fail to show the deprivation necessary for an Eighth Amendment claim. See Otarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir.1987). Nigro's Eighth Amendment claims regarding destruction of property and alteration of records fail for the same reason. See id. Consequently, none of the conditions raised by Nigro individually states an Eighth Amendment claim. Because these individual conditions do not have a mutually enforcing effect, they collectively fail to state an Eighth Amendment claim as well. See Wilson, 501 U.S. at 304. Accordingly, the district court properly dismissed Nigro's Eighth Amendment claims. See Barnett, 31 F.3d at 815.
 
 
 5
 Nigro contends that the district court erred by dismissing his claim that prison officials transferred him to a more dangercus facility in retaliation for the exercise of his First Amendment rights. For Nigro to make out a cause of action for retaliation, he must show not only that prison authorities retaliated because of the exercise of his First Amendment rights, but also that the prison authorities' retaliatory action did not advance legitimate goals of the correctional institution, or was not tailored narrowly enough to achieve such goals. See Franklin v. Murphy, 745 F.2d 1221, 1230 (9th Cir.1984). Because Nigro failed to show sufficient evidence of a nexus between his letters to concressional representatives and prison officials' decision to transfer him to another facility, the district court did not err by dismissing this claim. See Barnett, 31 F.3d at 815.
 
 
 6
 Nigro contends that the district court erred by dismissing his claim that prison officials limited his access to the courts through the alleged destruction of certain legal materials belonging to Nigro. Because Nigro failed to demonstrate that the alleged destruction of his materials caused damage to any pending legal action, the district court properly dismissed this claim. See Lewis v. Casey, 116 S.Ct. 2174, 2178-80 (1996).
 
 
 7
 Nigro contends that the district court erred by dismissing his due process claims under the Fifth Amendment. Nigro claimed that his due process rights were violated when defendants placed him in administrative segregation, improperly reclassified him, and transferred him to another prison. He also alleged that prison officials failed to respond to administrative remedy requests, a claim the district court construed as arising under the Fifth Amendment. Although Nigro alleges he was denied certain hygiene products while in administrative segregation, this does not establish that the conditions of his confinement in administrative segregation amounted to an atypical and significant hardship in relation to the ordinary incidents of prison life. See Sandin v. Conner, 115 S.Ct. 2293, 2300 (1995). Similarly, his remaining due process claims fail because none of the disputed actions represented an atypical and significant hardship on Nigro in relation to the ordinary incidents of prison life. See id. Accordingly, the district court properly dismissed Nigro's due process claims. See Barnett, 31 F.3d at 815.
 
 
 8
 Nigro contends that the district court erred by dismissing his equal protection claims under the Fifth Amendment. Nigro argues that he was confined to administrative segregation and ultimately transferred to a higher-security prison on the basis of his national origin as an Italian-American. Classifications based on national origin are subject to strict scrutiny, and will only be sustained if they are suitably tailored to a compelling interest. See City of Cleburne, Texas v. Cleburne Living Center, 473 U.S. 432, 440 (1985). To make out an equal protection challenge to prison actions, Nigro must show intentional discrimination. See Sischo-Nownejad v. Merced Community College Dist., 934 F.2d 1104, 1112 (9th Cir.1989).
 
 
 9
 Here, prison officials argued that, on the basis of information allegedly supplied by other inmates, they believed that Nigro was a threat to the security of their institution. Nigro provided an affidavit from another prisoner stating that he had been solicited by defendant Wilson to provide false information regarding Nigro. Nigro also provided affidavits of other prisoners stating that defendant Wilson had made several slurs regarding Nigro's Italian ancestry. Accordingly, a triable issue of fact exists concerning whether prison officials' beliefs about Nigro's security risk justified their actions against him. See Barnett, 31 F.3d at 815.
 
 
 10
 Nigro contends that defendants cannot claim the defense of qualified immunity. Because the issue of qualified immunity is not addressed by the district court in its order, we decline to consider it here. We decline to address Nigro's arguments regarding his tort claims as raised for the first time in his reply brief. See United States v. Birtle, 792 F.2d 846, 848 (9th Cir.1986) (stating that we generally will not address arguments raised for the first time in appellant's reply brief).
 
 
 11
 AFFIRMED in part, REVERSED in part, and REMANDED for further proceedings on Nigro's equal protection claim.
 
 
 12
 Each party to bear its own costs on appeal.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 We may affirm the district court's holding for any reason supported by the record. See Reynolds v. County of San Diego, 84 F.3d 1162, 1166 (9th Cir.1996)