

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-13-2005

# Askew v. Jones

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-3900

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Askew v. Jones" (2005). *2005 Decisions*. Paper 121.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/121

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

—————

No. 04-3900

—————

RICCI ASKEW,
                    Appellant

v.

N JONES, PLFD. D.O. #15611;
K CONNORS, PLFD. P.O. #10409;
P ESPOSITO, PLFD. P.O. #11286
SHIFT COMMANDER ON THE SCENE SGT.

—————

On Appeal from the United States District Court
for the District of New Jersey
D.C. Civil Action No. 04-cv-00029
(Honorable William G. Bassler)

—————

Submitted Pursuant to Third Circuit LAR 34.1(a)
November 7, 2005
Before:  SCIRICA, Chief Judge, FISHER and ALDISERT Circuit Judges

(Filed:  December 13, 2005 )

—————

OPINION OF THE COURT

—————

PER CURIAM.

Ricci Askew filed this civil rights action pro se, pursuant to 42 U.S.C. § 1983 in

the United States District Court for the District of New Jersey, alleging that Appellees

violated his constitutional rights when they were deliberately indifferent to his serious medical needs.[1] Appellees, who are Plainfield, New Jersey, police officers, arrested Askew after responding to the scene of a fight in which he was involved. In his complaint, Askew asserts that Appellees ignored his repeated requests for medical attention for injuries he sustained during the fight and delayed the medical treatment that he ultimately received. He also alleges that Appellees verbally harassed him throughout the arrest process. Askew seeks both reimbursement for his medical costs and monetary damages.

Before Appellees had answered, the District Court dismissed Askew's complaint sua sponte for failure to state a claim upon which relief may be granted, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). Askew did not appeal from this dismissal order. Instead, he wrote to the District Court on January 21, 2004, expressing dissatisfaction with the outcome and requesting information on how to re-open his case. Six months later, having received no response, Askew filed a document captioned "Motion for Reconsideration Due to Assignment Judge's Plain Error," which the District Court construed as a motion for reconsideration under Federal Rule of Civil Procedure

_____

[1]As the parties are familiar with the facts, we recite them here only as necessary to our discussion.

59(e) and denied.  Askew's appeal from this denial order is presently before us, as is his motion for summary reversal.[2]

The District Court had jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.  We have appellate jurisdiction under 28 U.S.C. § 1291.  Although Askew did not formally caption it as such, we liberally construe his January 21st letter as a timely motion for reconsideration under Rule 59(e).[3]  See Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Dluhos v. Strasberg, 321 F.3d 365, 369 (3d Cir. 2003).  As the District Court did not dispose of it explicitly, this motion remained pending until it was implicitly denied by the District Court's denial of Rule 59(e) relief on August 30, 2004.  Askew's timely appeal from that denial brings up for review the District Court's order of dismissal.  See Federal Kemper Ins. Co. v. Rauscher, 807 F.2d 345, 348 (3d Cir. 1986).

Our review of the District Court's dismissal for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii) is plenary, and "we must accept as true the factual allegations in the complaint and all reasonable inferences that can be drawn therefrom."  See Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000) (quoting Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)).  To state an Eighth Amendment claim based on Appellees' intentional delay in providing him medical treatment, Askew must allege that Appellees were deliberately

---

[2]Appellees have notified this Court that they will not be participating in the appeal.

[3]Askew's letter was docketed as filed on January 30, 2004 but was dated January 21, 2004.  As Askew was incarcerated when he mailed it, we consider the motion to be filed within Rule 59(e)'s ten-day time limit.  See Houston v. Lack, 487 U.S. 266, 270 (1988).

3

indifferent to his serious medical needs.  See Estelle v. Gamble, 429 U.S. 97, 104-105 (1976); Durmer v. O'Carroll, 991 F.2d 64, 67 (3d Cir. 1988).  Denial or delay of reasonable requests for medical treatment can constitute deliberate indifference.  See Monmouth County Corr. Institutional Inmates v. Lanzaro, 834 F.2d 326, 346-47 (3d Cir. 1987).  Askew can demonstrate "deliberate indifference" by showing that Appellees were "aware of facts from which the inference can be drawn that a substantial risk of serious harm exists and [that they] also [drew] the inference."  See Farmer v. Brennan, 511 U.S. 825, 837 (1994).  However, Askew cannot rely solely on respondeat superior as a theory of liability; rather, he must show personal involvement by Appellees by alleging personal direction, actual knowledge, or acquiescence.  See Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988).

The complaint asserts that Askew told Appellees Esposito and Connors that he felt dizzy from having been assaulted with a brick and needed medical attention.  Askew contends that Esposito and Connors did not merely ignore his requests for medical attention, but explicitly refused them, telling him that he did not need to see a doctor and cursing at him.  Askew claims that he was left in the back seat of the squad car, bleeding heavily and fading in and out of consciousness, and that Appellees would not allow him to receive medical treatment from an emergency medical vehicle at the scene of his arrest. The complaint further alleges that while *en route* to police headquarters, Appellees did a "U-turn" to return to the scene, continuing to ignore his requests for medical attention and

4

further delaying the treatment he eventually received.  He claims that he was taken to the hospital only after he had lost consciousness in the police booking area.  Once at the hospital, he received nine staples to his head, X-rays, and other treatment totaling $3,000. Askew asserts that Appellee Connors knew about the head injury because he referred to it in his incident report and that the remaining Appellees knew of his injury because blood was visibly "leaking" from the back of his head.

On appeal, Askew argues that the District Court penalized him for adhering to Federal Rule of Civil Procedure 8(a)(2)'s requirement of providing only a "short and plain statement" of his claim.  Askew contends that the District Court confused his brevity at the complaint stage with "frivolousness" and that his pro se complaint should have been liberally construed.  Alternatively, Askew asserts that he should have been given an opportunity to amend the complaint to expand its allegations, in light of the fact that Appellees had not yet answered.[4]  After review, we believe that Askew's complaint was prematurely dismissed.  See Fed. R. Civ. P. 8(a)(2).  We acknowledge the District Court's duty to screen prisoners' in forma pauperis complaints pursuant to the Prison

---

[4]Contrary to Askew's implication, his complaint was dismissed not as "frivolous" under 28 U.S.C. § 1915(e)(2)(b)(i) but for failure to state a claim under § 1915(e)(2)(b)(ii).  While this distinction does not alter the fact of dismissal, it supports Askew's argument regarding allowance of amendment.  Unlike frivolous complaints, amendment of which would perforce be futile, in forma pauperis plaintiffs whose complaints are dismissed for failure to state a claim under § 1915(e)(2)(b)(ii) should generally be granted leave to amend.  See Grayson v. Mayview State Hospital, 293 F.3d 103, 114 (3d Cir. 2002).

Litigation Reform Act.[5]   Nonetheless, Askew's complaint conforms to the notice-pleading standard for pro se civil rights complaints.  See Alston v. Parker, 363 F.3d 229, 234 (3d Cir. 2004) (internal citation omitted); Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit, 507 U.S. 163, 168 (1993).  Although we agree with the District Court that Askew's verbal harassment claim is not actionable under § 1983, see, e.g., Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987), Askew's complaint states a cognizable Eighth Amendment claim of deliberate indifference to a serious medical need.[6]  See Monmouth County at 346-47; Estelle at 104.  Accordingly, we vacate the judgment of the District Court and remand with instructions that Askew's complaint be reinstated and Appellees be ordered to answer.  Appellant's motion for summary reversal is denied as moot.

---

[5]Although not incarcerated when the alleged incidents occurred or, apparently, at present, Askew was incarcerated when he filed the complaint.  Therefore, the District Court properly screened the complaint pursuant to § 1915A.  See Abdul-Akbar v. McKelvie, 239 F.3d 307, 314 (3d Cir. 2001).

[6]As noted by the District Court, at the time the underlying events occurred, Askew was properly considered a pretrial detainee rather than a prisoner.  However, medical claims of the type at issue here are governed by the same "deliberate indifference" standard.  See, e.g., Hubbard v. Taylor, 399 F.3d 150, 166 n.22 (3d Cir. 2005).