**Charles J. OLTARZEWSKI, Jr.,**
**Plaintiff-Appellant,**

v.

**Marcia RUGGIERO,**
**Defendant-Appellee.**

No. 86–2605.

United States Court of Appeals, Ninth Circuit.

Submitted March 13, 1987.[*]

Decided Oct. 14, 1987.

* The panel finds this case appropriate for submission without oral argument pursuant to Ninth Circuit Rule 3(f) and Fed.R.App.P. 34(a).

Charles J. Oltarzewski, Jr., pro per.

Thomas Prose, Phoenix, Ariz., for defendant-appellee.

Before POOLE, Circuit Judge, BOOCHEVER, Senior Circuit Judge, and HOLLAND,** District Judge.

HOLLAND, District Judge:

Oltarzewski, an Arizona state prisoner, appeals the district court's grant of summary judgment in favor of Ruggiero, the correctional programs supervisor at the Southern Arizona Corrections Release Center (SACRC).

Oltarzewski brought the underlying action pursuant to 42 U.S.C. § 1983, alleging that Ruggiero retaliated against his plan

for a class action suit by transferring him to a higher custody status. Oltarzewski further alleged that Ruggiero used excessively vulgar language, that Ruggiero had correctional officers fabricate charges against him, and that Ruggiero demonstrated great bias in her acts towards him. Oltarzewski also claimed that Ruggiero violated prison policy and deprived him of access to the courts and access to a law library.

## FACTS

Oltarzewski was transferred to the SACRC on April 9, 1986, pending his scheduled release from prison on June 24, 1986. According to Oltarzewski, shortly after his arrival he was told by his correctional counselor that Ruggiero would transfer Oltarzewski to a higher custody status unit if Oltarzewski tried to go to the law library. Oltarzewski claims that Ruggiero later told him that if he had any plans on filing a class action against the SACRC that he would be sorry he did. He further claims that Ruggiero, upon discovering that Oltarzewski was in the process of preparing a class action against the SACRC and Ruggiero, encouraged members of her staff to target him with bogus disciplinary charges in an effort to move him to a higher custody unit and prevent him from filing any legal action against her or the SACRC. Finally, Oltarzewski asserts that his request for a pass to go to the law library was denied, and that he was told the only way for him to have the proper amount of time in the law library or access to the courts would be to agree to go to a higher custody status.

According to Ruggiero, Oltarzewski was not denied the right to go to a law library, nor was he denied the right to file lawsuits during his stay at the SACRC. Ruggiero stated in her affidavit that she never threatened Oltarzewski and that Oltarzewski was not threatened at any time with high custody to suppress his wish to go to

** Honorable H. Russel Holland, United States District Judge, District of Alaska, sitting by des-

ignation.

a law library. Ruggiero also stated that Oltarzewski advised members of the SACRC staff that he had no pending legal work and no need to go to the law library. She further stated that Oltarzewski was advised that if he did desire to go to the law library he would have to be escorted because of his inmate status.

According to Ruggiero's affidavit, Oltarzewski continually aggravated the staff by threatening them with lawsuits if they did not comply with his demands. Ruggiero's affidavit sets forth three violations of institutional rules committed by Oltarzewski during his stay at the SACRC. Oltarzewski was found guilty of all three violations. As a result of his discipline violations, Oltarzewski was subsequently moved from the SACRC and placed in medium custody status.

Oltarzewski has not controverted by affidavit any of the facts set forth in Ruggiero's affidavit. However, Ruggiero made an additional statement in her affidavit that while Oltarzewski was at the SACRC she at no time used abusive language. Oltarzewski responded with three affidavits from SACRC inmates who claimed that Ruggiero used vulgar language when speaking to them.

## STANDARD OF REVIEW

Summary judgment shall be rendered "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R. Civ.P. 56(c).

■ The district court's decision is reviewed *de novo* to determine whether any genuine issue of material fact exists and whether the district court correctly applied the substantive law in ruling on the motion. *Levin v. Knight,* 780 F.2d 786, 787 (9th Cir.1986).

The reviewing court views the evidence in the light most favorable to the party against whom summary judgment was granted. *Semegen v. Weidner,* 780 F.2d 727, 732 (9th Cir.1985).

The district court's grant of summary judgment will be affirmed if, viewing the evidence and the inferences therefrom in the light most favorable to the party opposing the motion, there are no genuine issues of material fact in dispute and the moving party is entitled to judgment as a matter of law. *R.F.D. Publications, Inc. v. Oregonian Publishing Co.,* 749 F.2d 1327, 1328 (9th Cir.1984). *Levin v. Knight,* 780 F.2d at 787.

## DISCUSSION

■ Prisoners have a fundamental constitutional right of access to the courts which includes adequate access to a law library. *Bounds v. Smith,* 430 U.S. 817, 828, 97 S.Ct. 1491, 1498, 52 L.Ed.2d 72 (1977). Although prison officials may not obstruct a prisoner's access to the courts by unreasonably blocking his access to a law library, prison officials may place reasonable limitations on library access in the interest of the secure and orderly operation of the institution. *Bell v. Wolfish,* 441 U.S. 520, 545–48, 99 S.Ct. 1861, 1877–79, 60 L.Ed.2d 447 (1979).

■ In the present case, Oltarzewski has not contradicted the facts set forth in Ruggiero's affidavit by specific facts showing there is a genuine issue for trial. Ruggiero stated in her affidavit that Oltarzewski was not denied the right to file a lawsuit nor was he denied the use of a law library or threatened or harassed in any way. Oltarzewski's affidavits merely challenge Ruggiero's unrelated assertion that she did not use vulgar language while Oltarzewski was at the SACRC. Oltarzewski now attempts to argue that he can prove that Ruggiero's entire affidavit was perjured if he is allowed to present a long list of witnesses at trial. This allegation, however, is insufficient to prevent a summary judgment under Rule 56.

When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits

or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him.

Fed.R.Civ.P. 56(e).

Since Oltarzewski failed to set forth specific facts to support his allegations, the district court was correct in concluding that there were no unreasonable restraints placed upon Oltarzewski's right to access to the courts.

■ The district court was also correct in denying Oltarzewski's claim alleging that Ruggiero violated his civil rights by using vulgar language. As stated by the court in *Collins v. Cundy*, 603 F.2d 825 (10th Cir.1979), "[v]erbal harassment or abuse ... is not sufficient to state a constitutional deprivation under 42 U.S.C. § 1983." *Id.* at 827. *Accord, Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir.1985); *McFadden v. Lucas*, 713 F.2d 143, 146 (5th Cir.), *cert. denied*, 464 U.S. 998, 104 S.Ct. 499, 78 L.Ed.2d 691 (1983). *See also Ellingburg v. Lucas*, 518 F.2d 1196, 1197 (8th Cir.1975) (holding that damages for defamation, allegedly incurred when defendant called plaintiff by an obscene name, are not recoverable under § 1983). In short, the alleged vulgarity does not establish a genuine issue as to any material fact.

■ Oltarzewski's remaining allegation that he was denied the right to a trial by jury is without merit. Since Oltarzewski's affidavits in response to Ruggiero's motion for summary judgment failed to contravene the material facts established by Ruggiero in her affidavit, there was no issue as to any material fact to be considered by a fact-finder—a jury.

## CONCLUSION

The district court properly granted summary judgment pursuant to Rule 56(c). Accordingly, the judgment of the district court is affirmed.