981 F.2d 1259
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Eric SCHROEDER, Plaintiff-Appellant,
v.
Edwin SHIMODA, et al., Defendants-Appellees.
 No. 91-16737.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 21, 1992.*
Decided Dec. 28, 1992.
 
 Before TANG, NOONAN and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Hawaii state prisoner Eric Schroeder appeals pro se the district court's summary judgment in favor of defendants prison officials in Schroeder's 42 U.S.C. § 1983 action. Schroeder contends that he was (1) denied due process when he was placed in disciplinary segregation for fighting, and (2) denied access to the courts during the time he was in disciplinary segregation. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 
 3
 "This court reviews a grant of summary judgment de novo to determine whether, viewing the evidence in the light most favorable to the nonmoving party, there are any genuine issues of material fact and whether the district court applied the correct substantive law." Americana Trading Inc. v. Russ Berrie & Co., 966 F.2d 1284, 1287 (9th Cir.1992).
 
 A. Due Process
 
 4
 Schroeder contends that his due process rights as a pretrial detainee were violated because he was placed in disciplinary segregation for fighting without being provided with a copy of or access to the prison Inmate Handbook. The handbook lists prison rules, prohibited conduct, and the maximum penalties for various violations. Schroeder argues that consequently he was unaware that fighting was prohibited within the prison.
 
 
 5
 The district court found that even if Schroeder enjoyed a protected interest in being informed of the prison rules, it was not necessary that he be informed of obviously disruptive conduct which threatens the institutional security of the prison. The court reasoned that to hold otherwise would amount to sanctioning more drastic conduct such as assaults or deliberate attacks on prison guards where the inmate did not receive actual notice that such conduct is prohibited. Defendants concede that, under prison administrative rules, as a pretrial detainee Schroeder was entitled to access to copies of the handbook and should have been briefed on expected conduct within the prison.
 
 
 6
 The record indicates that Schroeder was neither given access to the handbook nor briefed on expected conduct. Because the act of fighting with other inmates is so inherently disruptive to prison administration, however, we find that defendants' failure to warn Schroeder that such conduct was prohibited did not amount to a due process violation in this instance. Moreover, the record reveals that Schroeder was afforded a hearing on the fighting charge before being placed in disciplinary segregation. At the hearing, Schroeder refused to enter a plea or answer any questions concerning the charge.
 
 
 7
 Schroeder also argues that he was denied due process by being placed in disciplinary segregation without being informed of the sanctions for fighting and in retaliation for challenging prison rules during the administrative process. We decline to address these arguments, however, because they are raised for the first time on appeal. See United States v. Winslow, 962 F.2d 845, 849 (9th Cir.1992).
 
 B. Access to the Courts
 
 8
 Schroeder contends that he was denied access to the courts while he was in disciplinary segregation in violation of his first and fourteenth amendment rights.
 
 
 9
 To maintain a claim of denial of access to the courts, a prisoner must allege either (1) inadequate law libraries or alternative sources of legal knowledge, or (2) a specific instance in which he or she was actually denied access to the courts. Sands v. Lewis, 886 F.2d 1166, 1171 (9th Cir.1989). It is well established that prisoners have a constitutional right of meaningful access to the courts through adequate law libraries or assistance from persons trained in the law. Bounds v. Smith, 430 U.S. 817, 828 (1977). Nevertheless, the constitution does not guarantee a prisoner unlimited access to a law library. Lindquist v. Idaho State Bd. of Corrections, 776 F.2d 851, 858 (9th Cir.1985). Prison officials may regulate law library access, taking into account the security risk posed by individual prisoners. Toussaint v. McCarthy, 801 F.2d 1080, 1110 (9th Cir.1986), cert. denied, 481 U.S. 1069 (1987).
 
 
 10
 Here, in his second amended complaint, Schroeder alleges that he was denied "meaningful, effective, and adequate access to the courts." Schroeder also alleges that he was denied assistance from persons trained in the law. He fails to allege sufficient facts, however, to support these allegations. On the record before us, we cannot say that prison officials placed unreasonable restrictions on Schroeder's access to the prison law library. See Toussaint, 801 F.2d at 1110; Oltarzewski v. Ruggiero, 830 F.2d 136, 138 (9th Cir.1987) (prison officials may place reasonable restrictions on library access in interests of secure and orderly operation of prison facility). Moreover, although Schroeder states that he was unable to file a petition for mandamus and for a writ of habeas corpus while housed in disciplinary segregation, he does not state how the failure to file these pleadings prejudiced him. See Sands, 886 F.2d at 1171. Accordingly, the district court did not err by granting summary judgment for the defendants on Schroeder's claim of denial of access to the courts.
 
 
 11
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3