46 F.3d 1143
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Marlene MARQUEZ; Socorro Espejo; Domitila Gundran; Art
Marquez; Hector Guzman; Armida Gonzalez;
Ricardo Ortiz, Plaintiffs-Appellants,
v.
James McKAY; B. Meade; Bob Wiley; County of Tulare,
Defendants-Appellees.
 No. 93-15720.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Dec. 16, 1994.
Decided Feb. 8, 1995.
 
 1
 Before: HUG, CANBY and KLEINFELD, Circuit Judges
 
 
 2
 MEMORANDUM*
 
 I.
 
 3
 Marlene Marquez and others (Marquez) appeal a district court order granting summary judgment to defendants in this Sec. 1983 action. Marquez argues that the district court erred in allowing an "alternate juror" to deliberate and vote with other jurors, and in granting summary judgment to defendants on the ground that verbal harassment cannot constitute a constitutional violation actionable under 42 U.S.C. Sec. 1983. We affirm the district court's judgment.
 
 II.
 
 4
 When Federal Rule of Civil Procedure 47(b) was stricken in 1991, the institution of the "alternate juror" was abolished within federal civil procedure. Fed.R.Civ.P. 47, Advisory Comm. Notes for 1991 Amendment (1994). In this case, the district judge simply seated a jury of seven. The seventh juror was probably referred to as an "alternate" because, if one of the first six jurors were excused, the "alternate" would become the sixth juror, keeping the size of the jury within the requirements of Federal Rule of Civil Procedure 48. Indeed, once the seventh juror was seated, the district judge could only excuse him for good cause. Fed.R.Civ.P. 48 (1994). Thus, despite the fact that the seventh juror in this case was referred to by counsel and the court as an "alternate juror," the district judge did not err in allowing him to serve as a regular juror.
 
 III.
 
 5
 In Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir.1987), we held that an allegation that a state official used vulgar language when speaking to a prisoner did not state a constitutional deprivation under Sec. 1983. In this case, defendants relied on Oltarzewski in arguing that Marquez's complaint should be dismissed under Federal Rule of Civil Procedure 56(b) because Marquez had only alleged that officials used vulgar language toward her. In order to overcome defendants' motion for summary judgment, Marquez could "not rest upon mere allegation or denials of [her] pleading, but [was required to] set forth specific facts showing that there [was] a genuine issue for trial." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986). Marquez failed to set forth facts showing that the verbal harassment she suffered was more severe than the type of "vulgar language" which Oltarzewski held was insufficient to support a claim of constitutional deprivation under Sec. 1983. Therefore, the district court did not err in granting defendants' motion for summary judgment. Because Marquez failed to offer evidence of verbal harassment more severe than that at issue in Oltarzewski, we need not decide whether there are any circumstances in which verbal harassment could constitute a constitutional deprivation actionable under Sec. 1983.
 
 
 6
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir.R. 36-3