62 F.3d 1424
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Michael J. LOOMIS, Plaintiff-Appellant,
v.
James J. RENTIE, James Crosby, Kathy Lillybridge, James
Barker, c/o Krone, Arvon Arave, c/o Aikman, Randy
Blades, Alfonso Munoz, CPL. Bennett, and
George Dolak, Defendants-Appellees.
 No. 94-35820.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 23, 1995.*
Decided July 31, 1995.
 
 Before: SNEED, SKOPIL, and FERGUSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Michael J. Loomis, an Idaho state prisoner, appeals pro se the district court's grant of defendants' motion for summary judgment in his 42 U.S.C. Sec. 1983 action. Loomis alleges that prison officials (1) violated the Eighth Amendment and the Due Process Clause of the Fourteenth Amendment by terminating his visitation rights for several years, (2) retaliated against him for pursuing his legal rights, and (3) deprived him of due process in connection with a disciplinary hearing. Loomis also appeals the district court's denial of his motions to dismiss jurors for cause in the trial on his claim that prison guards used excessive and unnecessary force against him.
 
 
 3
 We affirm the district court's grant of defendants' motion for summary judgment on the retaliation claims[1] and the disciplinary hearing claim.[2] We also affirm the district court's denial of Loomis' motions to dismiss venire members for cause during the trial of part of his Sec. 1983 case.[3]
 
 
 4
 However, we are obliged to reverse the district court's grant of defendants' motion for summary judgment on Loomis' challenges to the termination of his visitation rights. Although we are not prepared to say on this record that the termination of visitation rights at issue here violates the Constitution, we nonetheless recognize that an arbitrary denial of all visitation for an extended period possibly could be a deprivation of a protected liberty interest under the Due Process Clause of the Fourteenth Amendment or a violation of the Eighth Amendment. That is, the denial could amount to the imposition of an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."[4] The record, however, is insufficiently developed for us to opine on such matters on summary judgment. Accordingly, we reverse and remand for more factfinding on the visitation rights issue.
 
 
 5
 AFFIRMED in part, REVERSED in part, and REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a); 9th Cir. R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 Defendants did not violate Loomis' constitutional rights by verbally harassing him or by searching his cell. See Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987) (verbal harassment); Hudson v. Palmer, 468 U.S. 517, 536 (1984) (cell search). Nor did the district court err by concluding that restrictions on Loomis' access to the library and defendants' refusal to hire Loomis for a job in the prison library did not violate Loomis' constitutional rights. See Oltarzewski, 830 F.2d at 138 (reasonable restrictions on access to prison library are permissible); Hoptowit v. Ray, 682 F.2d 1237, 1254-55 (9th Cir. 1982) (no constitutional right to participate in vocational program)
 
 
 [2]
 Loomis claims that the disciplinary hearing concerning an allegedly meritless grievance violated his due process rights. It appears, however, that neither the Due Process Clause of the Fourteenth Amendment nor the state prison regulations in this case afford Loomis a protected liberty interest that would entitle him to the procedural protections set forth in Wolff v. McDonnell, 418 U.S. 539 (1974). See Sandin v. Conner, --- S. Ct. ---, 63 U.S.L.W. 4601 (U.S. June 19, 1995) (No. 93-1911) (holding that inmate had no protected liberty interest in avoiding disciplinary segregation as punishment for misconduct and therefore had no right to put on witnesses at his disciplinary hearing)
 
 
 [3]
 Loomis does not claim that any of the jurors who eventually heard his case were biased; therefore, even assuming error, Loomis could not have been prejudiced by it. See Chapman v. California, 386 U.S. 18, 22 (1966) (error must influence the outcome of the trial)
 
 
 [4]
 Sandin, 63 U.S.L.W. at 4605