76 F.3d 378
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Lee HAMPTON, Plaintiff-Appellant,
v.
George D. ALEXANDER, et al., Defendants-Appellees.
 No. 95-3457.
 United States Court of Appeals, Sixth Circuit.
 Jan. 31, 1996.
 
 1
 Before: NELSON and BATCHELDER, Circuit Judges, and KATZ, District Judge.*
 
 ORDER
 
 2
 Lee Hampton, a pro se Ohio prisoner, appeals a district court judgment dismissing his civil rights complaint filed pursuant to 42 U.S.C. §§ 1983 and 1985. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Seeking monetary and equitable relief, Hampton sued numerous state prison officials in both their individual and official capacities, alleging that the defendants conspired to retaliate against him for filing various prison grievances. Upon review of the defendants' motion to dismiss, and Hampton's response, the district court dismissed the complaint because Hampton did not state a claim upon which relief could be granted.
 
 
 4
 Hampton has filed a timely appeal, reasserting his same claim.
 
 
 5
 Upon review, we conclude that the district court properly dismissed Hampton's complaint because he did not state a claim upon which relief could be granted. See Fed.R.Civ.P. 12(b)(6); Sinay v. Lamson & Sessions Co., 948 F.2d 1037, 1039-40 (6th Cir.1991). Fear or emotional injury which results solely from verbal harassment or idle threats is generally not sufficient to constitute an invasion of an inmate's rights. Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir.1987); Patton v. Przybylski, 822 F.2d 697, 700 (7th Cir.1987). Moreover, not every push or shove, even if it appears to be unnecessary, violates a prisoner's constitutional rights. Northington v. Jackson, 973 F.2d 1518, 1524 (10th Cir.1992). Thus, Hampton's allegations that the defendants verbally abused him, threatened to interfere with his mail services and visitation, and pushed him on one occasion, do not state a claim upon which relief may be granted.
 
 
 6
 Furthermore, on the record before this court, Hampton's allegation that the defendants harassed him in retaliation for exercising his First Amendment right to file grievances is legally insufficient. Assuming arguendo that the acts complained of did occur, such claims do not rise to a level of constitutional magnitude because the acts are de minimis and did not include the potential placement in disciplinary confinement or the loss of good time credits. Cf. Cale v. Johnson, 861 F.2d 943, 949-50 (6th Cir.1988) (inmate who was issued a false misconduct ticket, in retaliation for filing prison grievances, which subjected him to placement in disciplinary confinement and loss of good time credits stated a substantive due process claim).
 
 
 7
 Accordingly, we affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable David A. Katz, United States District Judge for the Northern District of Ohio, sitting by designation