**Gregory HOGAN, Plaintiff–Appellant,**

v.

**STATE OF CONNECTICUT JUDICIAL BRANCH, William Carbone, Thomas White, Joseph H. Pellegrino, Chief Court Admin, Defendants–Appellees.**

No. 02–9095.

United States Court of Appeals, Second Circuit.

April 17, 2003.

Raymond J. Rigat, Gilbride & Rigat, Clinton, CT, for Appellant.

Jane B. Emons, Assistant Attorney General, (Richard Blumenthal, Attorney General of the State of Connecticut, on the brief), Hartford, CT, for Appellees.

PRESENT: WALKER, Chief Judge, WINTER, Circuit Judge, and CARMAN,[*] Chief Judge.

## SUMMARY ORDER

THIS SUMMARY ORDER WILL NOT BE PUBLISHED IN THE FEDERAL REPORTER AND MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY TO THIS OR ANY OTHER COURT, BUT MAY BE CALLED TO THE ATTENTION OF THIS OR ANY OTHER COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the United States Courthouse, Foley Square, in the City of New York, on the 17th day of April, two thousand and three.

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of said district court be and it hereby is AFFIRMED.

Plaintiff Gregory Hogan alleges that the defendants State of Connecticut Judicial Branch, William Carbone, Thomas White, and Joseph H. Pellegrino terminated his employment at the New Haven Juvenile Detention Center for racially discriminatory reasons, violating equal protection, due process, and Title VII of the Civil Rights Act of 1964. The district court granted the defendants' motion for summary judgment. On appeal, Hogan, an African

---

[*] The Honorable Gregory W. Carman, Chief Judge of United States Court of International Trade, sitting by designation.

American man, argues that the defendants' legitimate, non-discriminatory reason for his dismissal (physical abuse or neglect of a juvenile detainee) was pretextual, because the defendants did not dismiss "similarly situated" Caucasian employees, who had verbally abused juvenile detainees. We presume familiarity with the facts of the case from the district court opinion.

Summary judgment should be granted only if there is no genuine issue as to any material fact. Fed.R.Civ.P. 56(c). To be "similarly situated" for the purposes of Title VII, the individuals with whom plaintiff compares himself "must be similarly situated in all material respects." *Shumway v. United Parcel Service, Inc.*, 118 F.3d 60, 64 (2d Cir.1997). The plaintiff must establish "a reasonably close resemblance of the facts and circumstances of plaintiff's and comparator's cases, rather than a showing that both cases are identical," and their acts must be "of comparable seriousness." *Graham v. Long Island R.R.*, 230 F.3d 34, 40 (2d Cir.2000).

■ We agree with the district court that, even in a light most favorable to Hogan, Hogan's acts were significantly more serious than the other employees' acts. There is overwhelming credible evidence in official reports and statements, including a report by the Department of Children and Families, that Hogan physically abused and neglected juvenile detainees. H 2–3, RB 13 Hogan offers evidence that the other employees verbally abused juvenile detainees, but he does not allege any physical abuse. BB 4–5, 16–20 In other Title VII cases, we have held that physical abuse is significantly more serious than verbal abuse. *See Richardson v. New York State Dep't of Corr. Serv.*, 180 F.3d 426, 437 (2d Cir.1999); *Tomka v. Seiler Corp.*, 66 F.3d 1295, 1305 (2d Cir. 1995); *see also Oltarzewski v. Ruggiero*, 830 F.2d 136, 139 (9th Cir.1987) (stating

that "[v]erbal harassment or abuse [of a prisoner] ... is not sufficient to state a constitutional deprivation under 42 U.S.C. § 1983") (citations omitted). Thus, Hogan cannot demonstrate that he and his white comparators are similarly situated in all material respects.

■ Hogan's comparison of himself with Joseph Mirto is also not probative of discrimination. Mirto, a white juvenile detention officer, was terminated following an incident of physical abuse, but, following a favorable ruling in post-termination proceedings, an arbitrator ordered that he be restored to his job. H 13. Hogan submitted his case to arbitration, but the arbitrator found that Hogan had been terminated for just cause. H 4 We recently held that "a decision by an independent tribunal [such as an arbitrator] that is not itself subject to a claim of bias will attenuate a plaintiff's proof of the requisite causal link" of illegal discrimination. *Collins v. New York City Transit Auth.*, 305 F.3d 113, 119 (2d Cir.2002). Hogan does not allege that the arbitrator was biased, and the discrepancy between Hogan's termination and Mirto's reinstatement was the result of the arbitrator's decision, not the defendants' actions.

For the foregoing reasons, the judgment of the district court is AFFIRMED.