Oshay JOHNSON, Plaintiff–Appellant,

v.

**J. MAYHEW, Defendant–Appellee.**

No. 05–17023.

United States Court of Appeals, Ninth Circuit.

Submitted April 16, 2007.*

Filed April 27, 2007.

Oshay Johnson, Folsom, CA, pro se.

William V. Cashdollar, Esq., Office of the California Attorney General, Sacramento, CA, for Defendant–Appellee.

Before: GRABER, CLIFTON, and BEA, Circuit Judges.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

MEMORANDUM **

Oshay Johnson, a California state prisoner, appeals pro se from the district court's summary judgment in favor of correctional officer John Mayhew in Johnson's 42 U.S.C. § 1983 action alleging that he was denied visits with his family in retaliation for filing a grievance. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Buono v. Norton*, 371 F.3d 543, 545 (9th Cir.2004), and we affirm.

The district court properly granted summary judgment to Mayhew on Johnson's due process claims because inmates have no constitutional right to visitation, *see Kentucky Dep't of Corrections v. Thompson*, 490 U.S. 454, 460, 109 S.Ct. 1904, 104 L.Ed.2d 506 (1989), and verbal harassment or abuse fails to state a cognizable claim under section 1983, *see Oltarzewski v. Ruggiero*, 830 F.2d 136, 139 (9th Cir.1987).

The district court properly granted summary judgment to Mayhew on Johnson's retaliation claim because he failed to raise a genuine issue of material fact as to whether Johnson's denial of visitation was in retaliation for the exercise of his constitutional rights, and did not advance a legitimate penological goal. *See Rhodes v. Robinson*, 408 F.3d 559, 567–68 (9th Cir. 2005).

Johnson's remaining contentions are unpersuasive.

Johnson's request for judicial notice is denied.

**AFFIRMED.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).