Byron **MURPHY**, Plaintiff–Appellant,

v.

**Joe L. GORDWIN, FBI Agent; The Federal Bureau of Investigation,** Defendants–Appellees.

No. 06–16924.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 3, 2007.*

Filed Dec. 28, 2007.

Byron Murphy, Florence, AZ, pro se.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: GOODWIN, WALLACE, and FISHER, Circuit Judges.

MEMORANDUM **

Byron Murphy, an Arizona state prisoner, appeals pro se from the district court's judgment dismissing his civil rights action against the Federal Bureau of Investigation ("FBI") and one of its agents. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo the dismissal of a prisoner's complaint pursuant to 28 U.S.C. § 1915A, *Resnick v. Hayes,* 213 F.3d 443, 447 (9th Cir.2000), and we affirm.

The defendants are federal actors, therefore Murphy's claims arise under *Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). *Ting v. United States,* 927 F.2d 1504, 1513 (9th Cir.1991) (A *Bivens* claim "is a judicially created cause of action against federal officers arising under the United States Constitution ...").

The district court properly dismissed Murphy's claims against defendant FBI Agent Gordwin because the vague and conclusory allegations in Murphy's amended complaint failed to state any civil rights violation. *See Ivey v. Board of Regents of Univ. of Alaska,* 673 F.2d 266, 268 (9th Cir.1982) ("Vague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss."); *see also Oltarzewski v. Ruggiero,* 830 F.2d 136, 139 (9th Cir.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1987) (holding that verbal harassment does not constitute a constitutional deprivation).

The district court also properly dismissed Murphy's claims against the FBI because *Bivens* does not provide a cause of action against a federal agency. *See FDIC v. Meyer*, 510 U.S. 471, 484–85, 114 S.Ct. 996, 127 L.Ed.2d 308 (1994); *cf. Balser v. Department of Justice Office of U.S. Trustee*, 327 F.3d 903, 909 (9th Cir.2003) ("The basis of a *Bivens* action is some illegal or inappropriate conduct on the part of a federal official or agent that violates a clearly established constitutional right.").

**AFFIRMED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.