

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-23-2008

# Potter v. Dep Attys Under DA

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-1762

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Potter v. Dep Attys Under DA" (2008). *2008 Decisions.* Paper 51.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/51

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**ALD-46**                                                **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 08-1762

———————

HALGER M. POTTER,
                                        Appellant

v.

DEPUTY ATTORNEYS UNDER LYNNE ABRAHAM;
DR. DEROSE; S.C.I.F.; MARY LU SHOWALTER, HOSPITAL ADMIN.;
C/O WICKERSHAM; C/O BRUSE;
FRAN TKACH a/k/a LAB. TEC. "FRAN"

———————

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 03-cv-04735)
District Judge: Honorable James T. Giles

———————

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
December 11, 2008

Before: SLOVITER, FUENTES and JORDAN, Circuit Judges

(Opinion filed: December 23, 2008)

———————

OPINION

———————

PER CURIAM

    Halger M. Potter, a federal prisoner proceeding pro se, appeals from a judgment

entered against him by the United States District Court for the Eastern District of Pennsylvania on a civil rights complaint. For the reasons set forth below, we will summarily affirm. See I.O.P. 10.6.

I.

In September 2003, Potter filed a complaint alleging that he received inadequate medical care while imprisoned at State Correctional Institution at Frackville ("SCI Frackville"). He also alleged that the district attorneys who prosecuted his case acted improperly during his trial. Cooley named as Defendants Deputy Attorneys under District Attorney Lynne Abraham; SCI Frackville; Mary Lou Showalter, Health Care Administrator at SCI Frackville; Correctional Officer Wickersham; Correctional Officer Bruse; Dr. David Derose ("Dr. Derose"); and Fran Tkach ("Tkach"), a lab technician. On September 29, 2004, the District Court granted motions to dismiss filed by the deputy district attorneys, Correctional Officer Wickersham, SCI Frackville, and Mary Lou Showalter.[1] Derose and Tkach remained as defendants in the case.

At the close of discovery, Derose and Tkach moved for summary judgment. The District Court found that Defendants were entitled to summary judgment based upon two different, but equally meritorious, arguments. First, Potter failed to exhaust his administrative remedies before filing a complaint in the District Court. Second, Potter failed to set forth evidence sufficient to establish a cognizable Eighth Amendment claim

_____

[1]The District Court correctly dismissed Correctional Officer Bruse from the case for want of prosecution.

of deliberate indifference to his medical condition.  Potter subsequently appealed the ruling.

II.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291.  Our review of the District Court's dismissals for failure to state a claim is plenary.  Port Auth. of N.Y. and N. J. v. Arcadian Corp., 189 F.3d 305, 311 (3d Cir. 1999).  When considering a district court's grant of a motion to dismiss under Rule 12(b)(6), "we accept all factual allegations in the complaint as true and view them in the light most favorable to the plaintiff."  Buck v. Hampton Twp. Sch. Dist., 452 F.3d 256, 260 (3d Cir. 2006).

We review a District Court's grant of summary judgment de novo.  Pennsylvania Coal Ass'n v. Babbitt, 63 F.3d 231, 236 (3d Cir. 1995).  Summary judgment is proper only if it appears "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c); Carrasca v. Pomeroy, 313 F.3d 828, 832-33 (3d Cir. 2002).  If a moving party demonstrates that no genuine issue of material fact exists, the nonmoving party must set forth specific facts showing a genuine material issue for trial and may not rest upon the mere allegations or denials of its pleadings.  Connors v. Fawn Mining Corp., 30 F.3d 483, 489 (3d Cir. 1994).

III.

A.      Motions to Dismiss

The District Court properly dismissed Defendants SCI Frackville, the deputy

3

district attorneys, Correctional Officer Wickersham and Mary Lou Showalter from the case. Potter's Section 1983 claim against the deputy district attorneys was correctly dismissed because, among other reasons, the attorneys enjoyed absolute immunity. See Imbler v. Pachtman, 424 U.S. 409, 431 (1976). Prosecutorial immunity covers activities that are "intimately associated with the judicial phase of the criminal process." Id. at 430. Potter's claims against the district attorneys related to the manner in which they prosecuted his criminal trial. Thus, his claim against them was barred.

SCI Frackville Correctional Officer Wickersham and Ms. Showalter were also properly dismissed from the action because, acting in their official capacities, they were immune from such a suit under the Eleventh Amendment. See Idaho v. Corur d' Alene Tribe of Idaho, 521 U.S. 261, 268 (1997). To the extent Potter asserted a claim against Correctional Officer Wickersham in his individual capacity, it was properly dismissed. The only specific allegation Potter raised against Correctional Officer Wickersham was that the officer mocked him while he suffered from an eye infection. Verbal abuse of a prisoner by a prison official is insufficient to establish a violation of a federal right. Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987).

Any allegation raised by Potter against Showalter in an individual capacity was also correctly dismissed. It is well settled that "[t]he government has an obligation to provide medical care for those whom it is punishing by incarceration." Estelle v. Gamble, 429 U.S. 97, 103 (1976). Deliberate indifference to the serious medical needs of prisoners constitutes unnecessary and unwanton infliction of pain in violation of the

4

Eighth Amendment.  Id.  A plaintiff must allege some basis for concluding that a prison health care provider was deliberately indifferent to his medical need in order to sustain a section 1983 action.  Id.  We agree with the District Court that Potter's allegation against Showalter  – that she declined to authorize a medical test – was, at best, a claim of negligence.  See, e.g. Rouse v. Plantier, 186 F.3d 192, 197 (3d Cir. 1999).  Potter did not state a viable claim against Showalter.

IV.

A.     Dr. Derose's and Tkach's Motions for Summary Judgment

The District Court properly concluded that Dr. Derose and Tkach were entitled to summary judgment because Potter failed to exhaust his administrative remedies. Alternatively, the Court correctly held that there was an insufficient evidentiary basis upon which a reasonable jury could find in Potter's favor on his Eighth Amendment claim.

1.     Administrative Exhaustion

An inmate like Potter must exhaust all administrative remedies before filing a suit in federal court.  See 42 U.S.C. § 1997e(a).  Exhaustion is a mandatory requirement.  Id.; Nyhuis v. Reno, 204 F.3d 65, 67 (3d Cir. 2000).

At the time Potter filed his Complaint in the District Court, the Department of Corrections of the Commonwealth of Pennsylvania had a three-tiered grievance process for claims concerning inadequate medical care   Tkach argued in her motion for summary judgment, without contradiction, that Potter never filed an administrative grievance

5

against her on any ground.  Derose admitted that Potter properly filed an initial grievance against him, but claimed that he never appealed the administrative response rejecting his initial grievance on its merits.  Potter failed to provide any evidence contradicting Dr. Derose's or Tkach's assertions.

Accordingly, the District Court correctly concluded that Potter failed to exhaust his administrative remedies.  Defendants were entitled to summary judgment on that basis. Nyhuis, 204 F.3d at 67.

2.      Eighth Amendment Obligation to Provide Adequate Medical Care

Alternatively, The District Court concluded that Derose and Tkach were entitled to summary judgment because Potter was also unable to meet his burden on his Eighth Amendment claim.  In his Complaint, Potter alleged that Dr. Derose, an optometrist at SCI Frackville, intentionally attempted to blind him during his treatment of an eye injury, causing him additional injury.  He also alleged that in the weeks following his interaction with Dr. Derose, Tkach, a lab technician at SCI Frackville, intentionally injected him with a resistant bacteria.  As a result, Potter believed that he suffered a blood infection which caused a brain aneurysm.  Potter further claimed that as a result of both the eye injury and the botched blood test, he now suffers from a litany of other disorders, including loss of consciousness and a terminal brain tumor.

In order to prevail on his Eighth Amendment claim against Defendants, Potter must show that they were deliberately indifferent to a serious medical need.  Estelle, 429

6

U.S. at 104. Deliberate indifference requires a sufficiently culpable state of mind, such as "reckless[] disregard[]" to a substantial risk of serious harm to a prisoner. See Farmer v. Brennan, 511 U.S. 825, 834, 836 (1994). A serious medical need is "one that has been diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would easily recognize the necessity of a doctor's attention." Monmouth Cty. Correctional Inst. Inmates v. Lozano, 834 F.2d 326, 347 (3d Cir. 1987).

The District Court correctly concluded that Potter failed to set forth sufficient evidence suggesting that he had any real "serious medical need" or that his health care providers acted with "deliberate indifference" to that need. Although Potter claimed that Dr. Derose and Tkach deliberately attempted to blind him and intentionally injected him with a resistant bacteria, respectively, he cannot rest upon mere unsupported allegations when faced with a motion for summary judgment. See Connors v. Fawn Mining Corp., 30 F.3d. 483, 489 (3d Cir. 1994).

Potter failed to produce any medical records documenting the litany of conditions from which he claimed he suffered. Alternatively, Defendants produced voluminous medical and prison records revealing no documentation of Potter having suffered a blood infection or an eye condition other than conjunctivitis. Based upon the lack of evidence supporting his claim, a reasonable jury could not have concluded that Potter's complaint rested on any legitimate "serious medical need." Monmouth Cty., 834 F.2d at 347.

Even if Potter had produced evidence of a legitimate medical need, the District Court correctly held that he failed to produce evidence sufficient to establish that Dr.

7

Derose or Tkach acted with a "sufficiently culpable state of mind" in their treatment of him. Farmer, 511 U.S. at 834. Potter claimed that Dr. Derose, during his examination, put a harmful substance in his eye causing swelling and blurred vision, ultimately resulting in conjunctivitis. Dr. Derose filed an affidavit stating that he performed a routine glaucoma test on Potter and did not put a harmful substance in his eyes. Further, he claimed that any chemicals he used to perform the routine test have never been known to cause adverse reactions in patients. Potter raised no countervailing evidence challenging Dr. Derose's claims. On the other hand, Potter admitted during a pretrial conference that he placed a crushed antibiotic pill, obtained from another inmate, directly into his eye shortly after Dr. Derose performed the test. Dr. Derose argued that that the substance could have caused Potter's conjunctivitis. Potter failed to point to any evidence rebutting Dr. Derose's theory of causation.

Potter also failed to produce evidence that Tkach acted with deliberate indifference while administering his blood test. While Potter claimed that Tkach intentionally caused him harm during the test, Tkach argued that there is no evidence the medical records that she ever had any contact with him. At most, Tkach acknowledged that as a lab technician, she may have drawn blood from Potter. However, because she was only authorized to draw blood from patients, it would have been impossible to inject Potter with any substance. Potter failed to point to any evidence suggesting otherwise. Accordingly, a reasonable fact-finder could not conclude that Tkach knowingly presented a risk to Potter.

For the foregoing reasons, we conclude that the District Court properly entered summary judgment against Potter on his claims. As there is no substantial question presented by this appeal, we will summarily affirm. <u>See</u> Third Cir. LAR 27.4; I.O.P. 10.6.