FILED

NOT FOR PUBLICATION

MAR 30 2010

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| ALFONSO JACKSON, | No. 08-17165 |
|---|---|
| Plaintiff - Appellant, | No. 3:05-cv-00428-HDM-RAM |
| v. | |
| SHERYL FOSTER; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Howard D. McKibben, District Judge, Presiding

Submitted March 16, 2010[**]

Before: SCHROEDER, PREGERSON, and RAWLINSON, Circuit Judges.

Alfonso Jackson, a Nevada state prisoner, appeals *pro se* from the district

court's judgment dismissing with prejudice his excessive force claim and

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

rgs/Research

summarily adjudicating his claims of deliberate indifference to his medical needs and safety in his 42 U.S.C. § 1983 action. We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's dismissal of claims under 28 U.S.C. § 1915A, *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000), and its grant of summary judgment, *Huseman v. Icicle Seafoods, Inc.*, 471 F.3d 1116, 1120 (9th Cir. 2006). We affirm.

The district court properly dismissed Jackson's excessive force claim because inmate Doakes did not act under color of state law under any formulation of the governmental actor tests. *See Johnson v. Knowles*, 113 F.3d 1114, 1118-20 (9th Cir. 1997). The district court properly granted summary judgment on Jackson's claim for deliberate indifference to safety against Officer Hollingsworth, Officer Anderson, Associate Warden Foster, and Athletic Specialist Ferguson because Jackson did not raise a triable issue that they could have known of or disregarded the risk that inmate Doakes might unexpectedly punch Jackson in the face while the two were voluntarily sparring as part of a prison boxing program. *See Farmer v. Brennan*, 511 U.S. 825, 834-37 (1994) (describing subjective prong of deliberate indifference claim). The district court also properly granted summary judgment on Jackson's claim for deliberate indifference to serious medical needs against Dr. Mumford, Nurse Hartman, and Nurse Gutierrez because Jackson did

not raise a triable issue that they unreasonably delayed his treatment or denied him pain medication after he fractured his jaw. *See id.* Moreover, Nurse Gutierrez's verbal harassment of Jackson did not in itself constitute a constitutional deprivation. *See Oltarzewski v. Ruggiero*, 830 F.2d 136, 139 (9th Cir. 1987).

We review de novo the district court's failure to address the merits of Jackson's motion for discovery under Rule 56(f) of the Federal Rules of Civil Procedure, *see Bias v. Moynihan*, 508 F.3d 1212, 1223 (9th Cir. 2007), and affirm on other grounds, *see Forest Guardians v. U.S. Forest Serv.*, 329 F.3d 1089, 1097 (9th Cir. 2003). The motion was not untimely because the magistrate judge ordered after the close of discovery that, among other things, the parties informally resolve their discovery disputes and seek the court's assistance if necessary. Even if the court had reached the merits of his motion, however, Jackson failed to show how the discovery he sought would have precluded summary judgment. *See Chance v. Pac-Tel Teletrac Inc.*, 242 F.3d 1151, 1161 n.6 (9th Cir. 2001).

**AFFIRMED.**