**BLD-196**                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-1614
_____

W.E. FOSTER, SR.,
                                                              Appellant
v.

*SECRETARY PENNSYLVANIA DEPARTMENT OF CORRECTIONS;
EDWARD KLEM; J.K. KANE; GERALD GAVIN; STEPHEN DATCHKO;
SALLY GENNARINI; JEANE MACKNIGHT

*(Pursuant to Rule 43(c), Fed. R. App. P.)
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 3-07-cv-00386)
District Judge:  Honorable Richard P. Conaboy
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
May 26, 2011
Before:  SLOVITER, JORDAN and GREENAWAY, JR., <u>Circuit</u> <u>Judges</u>

(Opinion filed: June 14, 2011 )
_____

OPINION
_____

PER CURIAM

     W.E. Foster, Sr., formerly an inmate at the Mahoney State Correctional Institution

("SCI-Mahoney"), proceeding <u>pro</u> <u>se</u>, sued the Secretary of the Pennsylvania Department

of Corrections and the following officials and employees of SCI-Mahoney: Warden Edward Klem; Captain Gerald Gavin; Lieutenant Stephen Datchko; Hearing Examiner J.K. Kane; Mail Room Supervisor Sally Gennarini; and Unit Manager Jeanne MacKnight.[1] In his amended complaint, Foster, a partial paraplegic, brought claims relating to the confiscation and opening of his mail, a misconduct hearing and his resultant transfer to the Restricted Housing Unit ("RHU"), his 69 days without a shower in the RHU (because the handicapped-accessible shower was broken), and the 84 days in which he was without his word processor with its special keyboard that allows him to write letters and to draft documents for court proceedings. (As the parties are familiar with the facts, we will discuss them more specifically only as they become relevant to our analysis.)

The District Court dismissed some of Foster's claims on the defendants' motion to dismiss. The District Court granted in part the defendants' first motion for summary judgment, and entered judgment in favor of the remaining defendants on the remaining claims on defendants' second motion for summary judgment. The District Court also denied Foster's motion for appointment of counsel, which Foster had filed when the second summary judgment motion was pending. Foster appeals.

We have jurisdiction pursuant to 28 U.S.C. § 1291. Our review of the District Court's rulings on the defendants' motion to dismiss and motions for summary judgment

---

[1]Initially, Foster's then-wife was included as a plaintiff, but on Foster's motion and in light of her lack of participation in the litigation, she was removed from the

is plenary. See Fowler v. UPMC Shadyside , 578 F.3d 203, 206 (3d Cir. 2009); Abramson v. William Paterson College, 260 F.3d 265, 276 (3d Cir. 2001). We review for abuse of discretion an order denying the appointment of counsel. See Lum v. Bank of Am., 361 F.3d 217, 223 (3d Cir. 2004). Upon review, we will summarily affirm the District Court's judgment because no substantial issue is presented on appeal. See Local Rule 27.4; I.O.P. 10.6.

The District Court properly dismissed Foster's broad and conclusory claims of conspiracy for which he provided no factual support. See Ashcroft v. Iqbal, ___ U.S. ___, 129 S. Ct. 1937, 1939 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). Foster also did not state a claim insomuch as he alleged that he was called a name or otherwise verbally abused. See, e.g., Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987) (collecting cases).

Also, as the District Court concluded, Foster's due process claim was without merit because he had no protected state-created or independent liberty interest in retaining his custody status. See Sandin v. Conner, 515 U.S. 472, 484 (1995) (explaining that state-created interests are generally limited to freedom from restraint that imposes "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life"); Meachum v. Fano, 427 U.S. 215, 224 (1976); Renchenski v. Williams, 622 F.3d 315, 325 (3d Cir. 2010) (describing the two types of liberty interests). His transfer to a restricted housing unit was not an atypical or significant hardship or a severe change

suit.

in the conditions of his confinement.  See Sandin, 515 U.S. at 486; Smith v. Mensinger,

293 F.3d 641, 654 (3d Cir. 2002) (holding that seven months' disciplinary confinement

"does not, on its own, violate a protected liberty interest as defined in Sandin"); Griffin v.

Vaughn, 112 F.3d 703, 706 (3d Cir. 1997); see also Evans v. Sec'y Pa. Dep't of

Corrections, ___ F.3d ____, slip op. at  32-33 (3d Cir. May 16, 2011, No. 09-2657)

(listing examples of severe changes in conditions of confinement).  In any event, as the

District Court noted, Foster did not even complain of violations of the procedural

protections afforded those prisoners whose liberty interests are actually at stake.[2]  See

Wolff v. McDonnell, 418 U.S. 539, 563-73 (1974).

The District Court also did not err in dismissing Foster's access to the courts claim

based on the deprivation of his word processor.  Foster did not allege any actual injury

because of the lack of access to the word processor.  See Lewis v. Casey, 518 U.S. 343,

355 (1996).  He merely alleged that he could not file a formal brief in a then-pending

appeal.  In rejecting the claim, the District Court took judicial notice of the District Court

docket entries for the relevant case ("the Franklin County case").  Looking at them, and

the relevant entries for the associated appeal to our Court, we note that Foster was able to

---

[2]After the District Court dismissed the due process claims against Kane as without
merit, Foster sought to voluntarily dismiss them.  The District Court permitted him
to withdraw them pursuant to Rule 41(a)(2) of the Federal Rules of Civil
Procedure. A withdrawal is ordinarily without prejudice unless the District Court
states otherwise.  See Fed. R. Civ. P. 41(a)(2).  In this case, because the District
Court also let stand its previous dismissal of the claims for lack of merit, we
consider them despite the later withdrawal and we also treat the Rule 41(a)(2)
dismissal of the claims against Kane as a dismissal with prejudice.

file an informal brief and won relief on appeal.[3]

The District Court also properly granted summary judgment in favor of the defendants on Foster's access to the courts claim that was based on the confiscation of his legal mail. First, Foster conceded at his deposition that he was not pursuing the claim against Beard and MacKnight, so judgment in their favor was proper.[4] Foster contended that other defendants' acts interfered with his ability to prosecute his appeal of the Franklin County case. However, as we noted above, he cannot show any injury as a result of any interference. Accordingly, judgment in favor of the other defendants on this claim was appropriate, too.

In addition, as the District Court concluded, the remaining defendants were entitled to judgment in their favor on the remaining claims about the confiscation of Foster's mail. The remaining defendants sued for confiscating Foster's mail put forth evidence that they did not confiscate or withhold (or direct anyone to confiscate or withhold) Foster's mail while he was in the RHU. They acknowledged that a credit card application had been confiscated before Foster was placed in the RHU; they explained that it was confiscated as contraband according to prison policy. In response, Foster repeated the allegations in his complaint. He provided no evidence to show a genuine

_____

[3] The District Court's decision was vacated in part and the matter was remanded for further proceedings. A review of that appeal does not suggest that a typewritten and bound brief would have led to any outcome different from that Foster received on appeal.

[4] Similarly, in light of a concession at Foster's deposition, judgment in favor of Beard and Gennarini was proper on the shower claim.

5

issue of material fact.

The last claim, against defendants Gavin, Datchko, and MacKnight, relates to the undisputed fact that Foster did not have access to a shower for more than two months. When Foster entered the RHU in May 2006, the handicapped-accessible shower was not working. It was not fixed until one week after Foster filed a grievance in early July. It is undisputed that some personnel at the prison knew about this situation from its inception (some staff members, in fact, provided Foster with soap, water, and a washcloth every other day so that he could bathe in his cell using in a basin). Foster alleged that Gavin, Datchko, and MacKnight placed him in the RHU with full knowledge of the situation and the intent to deprive him of showering privileges.

However, Gavin and Datchko put forth evidence that they did not know about the shower problem. In response to the defendants' evidence, Foster contended that the defendants made false statements. He also stated that Gavin and Datchko should have known about the problems because they inspected the RHU twice a week. However, under the circumstances, a visual inspection would not have apprised them of the inoperability of the handicapped-accessible shower. Furthermore, in the account of the interview that a lieutenant/grievance officer had with Foster after he filed his grievance, Foster did not mention telling Gavin, Datchko, or any of the defendants about the problem. Foster did not controvert the evidence that Gavin and Datchko were not involved with the problem he had with the shower. Accordingly, judgment in their favor was proper.

6

Judgment was also properly entered in favor of MacKnight. She stated that she was aware that Foster had mentioned the problem to his counselor (who was not a defendant in the action) after he entered the RHU, but that she was not the RHU unit manager at the time (she was the unit manager for the general population unit) and had no control over RHU operations. According to the evidence in the record, in order for the shower to be fixed, the problem had to be brought to the attention of the RHU lieutenant or a maintenance supervisor. MacKnight averred that she knew that Foster had been told by his counselor to direct his complaint to the appropriate channel. Foster essentially confirmed that he had to contact the RHU lieutenant by noting in the grievance process that he had notified the RHU lieutenant about the problem without success. Accordingly, even if Foster's counter-assertions in his brief can be treated as evidence, his statement that his counselor had to address the issue with MacKnight because he was a special needs prisoner does not mean that MacKnight was responsible for taking further action after learning that Foster had been directed to register his complaint with the appropriate person. Foster offered no evidence to support his claims that MacKnight should have taken further action at that point or shortened his stay in the RHU. For these reasons, judgment in MacKnight's favor was appropriate, too.

In short, the District Court did not err in dismissing some of Foster's claims for failure to state a claim upon which relief can be granted and in granting judgment in favor of the remaining defendants on the remaining claims. Also, the District Court did not abuse its discretion in denying Foster's late-filed motion for appointment of counsel.

7

For these reasons, we will affirm the District Court's judgment.