**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ANTHONY LEWIS, | No. 11-15288 |
| Plaintiff - Appellant, | D.C. No. 3:10-cv-00601-RCJ-RAM |
| v. | |
| ROBASCOITTI; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Robert Clive Jones, Chief Judge, Presiding

Submitted December 19, 2011[**]

Before:      GOODWIN, WALLACE, and McKEOWN, Circuit Judges.

Anthony Lewis, a Nevada state prisoner, appeals pro se from the district

court's judgment dismissing his 42 U.S.C. §1983 action alleging various

constitutional violations.  We have jurisdiction under 28 U.S.C. § 1291.  We

review de novo a dismissal under 28 U.S.C. § 1915(e)(2).  *Barren v. Harrington*,

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

152 F.3d 1193, 1194 (9th Cir. 1998) (order).  We affirm.

The district court properly dismissed Lewis's action because Lewis failed to allege facts showing that defendants deprived him of any constitutional right.  *See Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006) ("To state a claim under § 1983, a plaintiff must allege . . . that a right secured by the Constitution or laws of the United States was violated[.]"); *see also Farmer v. Brennan*, 511 U.S. 825, 837 (1994) ("[D]eliberate indifference" is evidenced only when "the official knows of and disregards an excessive risk to inmate health or safety[.]"); *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) (setting forth elements of a First Amendment retaliation claim); *Oltarzewski v. Ruggiero*, 830 F.2d 136, 139 (9th Cir. 1987) ("Verbal harassment or abuse . . . is not sufficient to state a constitutional deprivation under 42 U.S.C. § 1983." (citation, internal quotation marks, and brackets omitted)).

The district court did not abuse its discretion by denying leave to amend because it is clear from the face of the complaint that the deficiencies could not be cured by amendment.  *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Lewis's remaining contentions are unpersuasive.

**AFFIRMED.**