NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| TIMOTHY LEE WARD,<br><br>Plaintiff - Appellant,<br><br>v.<br><br>CARR, SSO, Sergeant and STEWART, Deputy Warden, sued in his/her individual & official capacity,<br><br>Defendants - Appellees. | No. 09-15444<br><br>D.C. No. 2:03-cv-02159-ROS<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Arizona
Roslyn O. Silver, Chief District Judge, Presiding

Argued and Submitted January 13, 2012
San Francisco, California

Before: WALLACE, NOONAN, and M. SMITH, Circuit Judges.

Timothy Lee Ward, an Arizona state prisoner, appeals from the district

court's Rule 12(b)(6) dismissal of his retaliation claim and from the summary

judgment on his due process and equal protection claims, all of which were

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

brought under 42 U.S.C. § 1983. Reviewing both the dismissal and summary judgment de novo, *Barnett v. Centoni*, 31 F.3d 813, 815–16 (9th Cir. 1994), we affirm.

Ward's retaliation claim fails because he did not allege that Carr or Stewart took any action against him because of his grievances. *See Rhodes v. Robinson*, 408 F.3d 559, 567–68 (9th Cir. 2005) ("Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal" (footnote omitted)).

Ward's due process claim fails because he did not show that his transfer within the Rynning Unit and his transfer to the Meadows Complex Detention Unit imposed an "atypical and significant hardship on [Ward] in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995); *see also Meachum v. Fano*, 427 U.S. 215, 225 (1976) (transfer to different prison does not require due process solely because "life in one prison is much more disagreeable than in another").

Ward's equal protection claim fails because he did not submit sufficient evidence for a reasonable juror to conclude that he was intentionally discriminated against because of his homosexuality. *See Flores v. Morgan Hill Unified Sch. Dist.*, 324 F.3d 1130, 1134 (9th Cir. 2003). There is no evidence that Carr had control over whether Ward or his cellmate would be moved within the Rynning Unit. In addition, Ward's declaration that Carr stated that she "did not like gays" does not provide sufficient evidence to conclude that Carr later fabricated confidential informants against Ward for that reason. *See Oltarzewski v. Ruggiero*, 830 F.2d 136, 139 (9th Cir. 1987) (verbal harassment is not sufficient to sustain a section 1983 claim). Finally, there is insufficient evidence to find that Stewart knew that Ward was a homosexual until the filing of this lawsuit, or that Stewart's decision to believe Carr's report of a threat was discriminatory.

**AFFIRMED.**