**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| GARY LOUIS CORBRAY, | No. 11-35867 |
| Plaintiff - Appellant, | D.C. No. 2:11-cv-00117-JLQ |
| v. | |
| K. CUNNINGHAM, C.O., 3d Shift T-Unit; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of Washington
Justin L. Quackenbush, District Judge, Presiding

Submitted November 13, 2012[**]

Before:     CANBY, TROTT, and W. FLETCHER, Circuit Judges.

Washington state prisoner Gary Louis Corbray appeals pro se from the

district court's judgment dismissing his 42 U.S.C. § 1983 action alleging various

constitutional claims.  We have jurisdiction under 28 U.S.C. § 1291.  We review de

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

novo a dismissal under 28 U.S.C. §§ 1915(e)(2) or 1915A. *Seaton v. Mayberg*, 610 F.3d 530, 533 (9th Cir. 2010); *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000). We may affirm on any ground supported by the record. *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1121 (9th Cir. 2008). We affirm.

Dismissal of Corbray's retaliation claim was proper because Corbray failed to allege that defendants' allegedly retaliatory actions failed to serve any valid penological goals. *See Rhodes v. Robinson,* 408 F.3d 559, 567-68 (9th Cir. 2005) (discussing elements of retaliation claim in prison context).

Dismissal of Corbray's Sixth Amendment claim was proper because Corbray failed to allege any violation of his right to a speedy trial, to confront any witnesses against him, or to assistance of counsel. *See* U.S. CONST. amend. VI; *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (there is generally no right to counsel in civil actions).

Dismissal of Corbray's Fourth Amendment claim was proper because inmates have no right of privacy in their cells. *See Seaton*, 610 F.3d at 534.

The district court properly dismissed Corbray's Fifth and Fourteenth Amendment due process claims because allegedly being verbally harassed, wrongfully accused of infractions, confined to or moved from his cell, and losing his prison job are insufficient to implicate a protected liberty or property interest.

*See Sandin v. Conner*, 515 U.S. 472, 483-84 (1995) (protected liberty or property interest only arises under Due Process Clause when a restraint imposes an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life"); *Walker v. Gomez*, 370 F.3d 969, 973 (9th Cir. 2004) (no property or liberty interest in prison employment); *Oltarzewski v. Ruggiero*, 830 F.2d 136, 139 (9th Cir. 1987) (directing vulgar language at inmate does not give rise to constitutional claim). Moreover, the random and unauthorized deprivation of Corbray's property did not amount to a due process violation because the state provides adequate post-deprivation remedies. *See Barnett v. Centoni*, 31 F.3d 813, 816 (9th Cir. 1994) (per curiam).

The district court properly dismissed Corbray's claims against supervisor Becerra because Corbray failed to allege that Becerra participated in or failed to prevent the violation of a constitutional right by his subordinates. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (listing elements of supervisory liability under § 1983).

Corbray's contention that the district court failed to liberally construe his pro se pleadings is not supported by the record.

**AFFIRMED.**

11-35867