**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RICKIE L. HILL, | No. 15-16458 |
| Plaintiff-Appellant, | D.C. No. 3:15-cv-00038-RCJ-VPC |
| v. | |
| C. ROWLEY; K. SPIERS, | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Robert Clive Jones, District Judge, Presiding

Submitted August 16, 2016[**]

Before:     O'SCANNLAIN, LEAVY, and CLIFTON, Circuit Judges.

Nevada state prisoner Rickie L. Hill appeals pro se from the district court's judgment dismissing his 42 U.S.C. § 1983 action alleging Eighth and Fourteenth Amendment claims. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a district court's dismissal under 28 U.S.C. § 1915A. *Resnick v. Hayes*, 213

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

F.3d 443, 447 (9th Cir. 2000).  We affirm in part, reverse in part, and remand.

The district court properly dismissed Hill's failure-to-protect and equal protection claims based on defendant Rowley's comments to Hill because verbal harassment is insufficient to state a constitutional deprivation under § 1983.  *See Oltarzewski v. Ruggiero*, 830 F.2d 136, 139 (9th Cir. 1987) ("[V]erbal harassment or abuse . . . is not sufficient to state a constitutional deprivation under 42 U.S.C. § 1983." (citation and internal quotation marks omitted)).

The district court concluded that Hill failed to state sexual harassment and equal protection claims based on defendant Rowley's "gripping" of Hill's buttocks. However, Hill sufficiently alleged that Rowley committed an unwanted touching of Hill's person and did so intentionally to discriminate against him to state sexual harassment and equal protection claims.  *See Wood v. Beauclair*, 692 F.3d 1041, 1046, 1049-51 (9th Cir. 2012) (explaining that sexual harassment violates the Eighth Amendment and sexual harassment of a prisoner by a prison guard is always deeply offensive to human dignity and completely void of penological justification); *N. Pacifica LLC v. City of Pacifica*, 526 F.3d 478, 486 (9th Cir. 2008) (elements for class-of-one equal protection claim).  Accordingly, we reverse the dismissal of these claims and remand for further proceedings.

Although the district court properly dismissed Hill's failure-to-protect and

equal protection claims against defendant Spiers because Hill failed to allege facts sufficient to show that Spiers was aware of an excessive risk to Hill's safety, *see Farmer v. Brennan*, 511 U.S. 825, 833-34 (1994), or intentionally discriminated against him, *see N. Pacifica LLC*, 526 F.3d at 486, the district court should have granted leave to amend because it is not clear that amendment would be futile, *see AE ex rel. Hernandez v. County of Tulare*, 666 F.3d 631, 636 (9th Cir. 2012) (setting forth standard of review and bases for denial of amendment).

In sum, we affirm the dismissal of Hill's failure-to-protect and equal protection claims based on Rowley's comments to Hill, reverse the dismissal of Hill's sexual harassment and equal protection claims based on Rowley's touching of Hill, reverse the denial of leave to amend Hill's failure-to-protect and equal protection claims against Spiers, and remand for further proceedings.

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

Hill's motions to compel and for appointment of counsel, filed on November 24, 2015 and January 29, 2016, are denied.

**AFFIRMED in part, REVERSED in part, and REMANDED.**

15-16458