**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUL 19 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RALPH GARBARINI, | No.   17-17298 |
| Plaintiff-Appellant, | D.C. No.<br>1:14-cv-01058-AWI-SAB |
| v. | |
| WAYNE ULIT, Doctor at California State Prison Corcoran; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Anthony W. Ishii, District Judge, Presiding

Submitted July 17, 2018[**]
San Francisco, California

Before:  THOMAS, Chief Judge, and HAWKINS and McKEOWN, Circuit Judges.

State prisoner Ralph Garbarini appeals the district court's grant of summary

judgment to defendants Wayne Ulit, David G. Smith, Jong Yeoung Moon, and

Jeffrey J. Wang in this 42 U.S.C. § 1983 action alleging deliberate indifference to a

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

serious medical need in violation of the Eighth Amendment. Because the parties are familiar with the facts, we do not recite them here. We have jurisdiction under 28 U.S.C. § 1291. We affirm.

We review de novo the district court's order granting summary judgment. *Wang v. Rodriguez*, 830 F.3d 958, 960 (9th Cir. 2016).

None of the four defendant doctors involved with treating Garbarini regarding his shoulder injury acted with "deliberate indifference to [his] serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). Nor is there evidence that the doctors knew of and "disregard[ed] an excessive risk to [Garbarini's] health and safety." *Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004) (internal quotation marks and citation omitted).

Garbarini was seen over a dozen times by three different doctors for his shoulder injury. He was repeatedly prescribed pain medication in the form of both narcotics and 800 milligram Ibuprofen tablets, he received an MRI on his shoulder, and had two separate surgeries to try and repair his rotator cuff. All of the doctors who evaluated Garbarini also recommended that he begin physical therapy as a form of treatment and palliative relief—recommendations that Garbarini refused. Garbarini's disagreement with the recommendations of his medical providers is insufficient to establish an Eighth Amendment violation. *See Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996). And even accepting Garbarini's claim that some

2

of the defendant doctors were rude during their consultations, "verbal harassment generally does not violate the Eighth Amendment." *Keenan v. Hall*, 83 F.3d 1083, 1092 (9th Cir. 1996), *opinion amended on denial of reh'g,* 135 F.3d 1318 (9th Cir. 1998); *see also Oltarzewski v. Ruggiero*, 830 F.2d 136, 139 (9th Cir. 1987).

Ultimately, there is no evidence that the defendant doctors "den[ied], delay[ed], or intentionally interfere[d] with [Garbarini's] medical treatment," and the district court properly granted summary judgment as a result. *Jackson*, 90 F.3d at 332 (internal quotation marks and citation omitted).

**AFFIRMED.**